■   In the Matter of MARK L. LAMB, Appellant, v KAREN E. LAMB, Respondent.—Appeal from orders of the Family Court of Madison County, entered August 10, 1978 and October 5, 1978, which directed, respectively, that the parties' only child remain in the custody of the respondent and denied the petitioner's motion for a redetermination thereof. The parties were married on March 18, 1972 in central New York, and on September 12, 1972 a son, Mark, the only issue of the union, was born. The parties separated in June of 1975, when the petitioner moved out, and were divorced in October of that year with custody of Mark being awarded to the respondent. Shortly thereafter, the respondent and Mark moved to New Jersey. While there, Mrs. Lamb became acquainted with a David Savastano. The latter was separated from his wife and had commenced legal proceedings which culminated in a divorce, but not until June of 1978. Savastano and the respondent lived together as man and wife in New Jersey until September of 1976 when, with Mark, they moved to Louisiana. In March of 1977, respondent and Savastano were both employed and they encountered difficulties in trying to obtain someone to care for Mark. When satisfactory arrangements could not be worked out, the respondent sent Mark to her mother and stepfather who were living in Earlville, New York. The petitioner was advised of the move and, at least tacitly, approved. In September of 1977, respondent and Savastano were presented with the opportunity of a franchise operation in Florida, so they moved there. That venture proved less than satisfactory and, in January of 1978, they moved to New

Jersey where Savastano returned to the job he had held for some nine years before going to Louisiana. The respondent promptly went to Earlville where she visited her son. Rather than interrupt his schooling, it was decided that he would remain in Earlville until June, when school recessed for the summer, at which time he would resume living with his mother. The petitioner was advised of this and raised no objection. He had kept close contact with the boy and was remarried or about to remarry. From January on, the respondent visited Mark frequently and during all of the time that Mark was with her parents she kept in contact with him. On April 18, 1978, the petitioner commenced proceedings in the Family Court of Madison County, seeking custody of Mark. After the hearings, the Family Court continued custody with respondent, upon the express condition that respondent terminate her relationship with Savastano or marry him. Upon her excused tardy compliance, her custody was continued, and petitioner appeals. The petitioner's primary contention on appeal is that the court's requirement, that he demonstrate that the respondent was unfit or materially less fit than he was, was improper and erroneous under the prevailing circumstances. He does not quarrel with the position generally taken by the New York courts that "once custody is established by judicial process in one parent it should only be changed upon a showing of an extraordinary or material change in the circumstances of the custodial parent which shows such parent to be 'unfit or less fit to serve as a proper custodian'" *(Matter of Scoville v Scoville [McDonnell], 47 AD2d 971, 972; see, also, Obey v Degling, 37 NY2d 768).* However, he contends that when the respondent surrendered Mark to her parents she abandoned him and thereby forfeited whatever right she had, thus bringing about an extraordinary or material change in the circumstances of the custodial parent. We disagree. Faced by economic necessity to leave her home in order to obtain employment and fearful for the safety and welfare of her infant son because she was unable to make satisfactory child care arrangements, respondent placed her boy, temporarily, with her parents. She maintained frequent contact with her parents and her son and, as soon as circumstances were suitable, she immediately made arrangements for his return to her upon the completion of his school year. Moreover, respondent kept petitioner fully advised as to her actions and received his tacit approval. By no stretch of the imagination could her conduct be held to constitute an abandonment of her child. We have examined the petitioner's other contentions and find them to be without merit. It is clear that the Family Court exercised its discretion after a studied and thorough review and that the record provides adequate support for its determination, which appears to be in the best interest of the child. Additionally, the Family Court's action in excusing respondent's tardiness in complying with its order was not an abuse of its discretion. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.