◼ In the Matter of BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of TARI J. OSTAPCHUCK, Respondent-Appellant, v JAMES P. DENNIS, Appellant-Respondent. — Cross appeals from an order of the Family Court of Broome County (Dickinson, Jr., J.), entered September 29, 1982, which, *inter alia,* awarded custody of the parties' child to the mother, and an appeal from an order of said court, entered November 9, 1982, which dismissed the father's petition seeking modification of the prior order. Tari Jo Ostapchuck and James Dennis lived together from November, 1980 until about April of 1982. Their daughter, Michelle, was born on November 27, 1981. The child has resided with the mother since the parties ceased living together. Paternity of the child was established on June 1, 1982 and on that date Family Court issued an order of protection to the mother against the father. After the mother denied the father visitation, such rights were granted him by court order. The instant proceeding was commenced on behalf of the mother through an order to show cause dated July 9, 1982 and a petition for modification filed by the father. Family Court decided the matter on September 29, 1982 by granting custody to the mother with visitation rights to the father. Subsequently, the father filed seven petitions for modification and/or violation and the mother also filed a petition for modification. These petitions culminated in the Family Court order of November 9, 1982, which clarified and modified, without substantial change, the earlier order. The parties appeal from these orders. The father claims that Family Court erroneously denied his petition for joint custody of the parties' infant daughter and awarded custody to the mother, contending that the award is not in the best interest of the child. He also claims that the custody orders should be reversed because Family Court relied on psychiatric reports which he believes were not admitted into evidence. The orders of Family Court should be affirmed. The father's contention that Family Court erred in denying his application for joint custody and awarding custody of Michelle to the mother is without merit. "The question of custody is ordinarily a matter of discretion for the trial court so long as there is a sound and substantial basis for the determination (*Matter of Darlene T.,* 28 NY2d 391, 395)" (*Matter of Ernest LL v Rosemary LL,* 50 AD2d 706, 707). The trial testimony clearly demonstrates that the parties are severely antagonistic toward each other. In such a situation, joint custody would not be in the best interest of the child (*Braiman v Braiman,* 44 NY2d 584; see, also, *Dodd v Dodd,* 93 Misc 2d 641). The parties have different views as to the religion and

the rearing of the child. The mother contends that the father was given excessive visitation rights. However, there is evidence that the father does love the child and that he has the ability to care for her. Under these circumstances, we cannot say that Family Court abused its discretion in the visitation award made to the father. Finally, the father's argument that a new trial is required because the court considered psychiatric reports which were not admitted into evidence is rejected. Family Court clearly indicated that the reports were before the court and the father did not make adequate objection to the court's consideration of the reports or move to exclude them from the record. Orders affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.