■ RICHARD S. ARTHUR, Respondent, v DIANE J. ARTHUR (KANICKI), Appellant.—Order unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: In 1982, the parties entered into a separation agreement providing for joint custody of their three children with the wife having primary physical custody. The agreement also required a spouse who moved beyond a 25-mile radius of Rome, New York (where the parties then resided), to pay the costs of transporting the children to Rome for visitation purposes. Following their divorce in 1984, both parties remarried. The wife relocated with the children to Windham, New Hampshire, near her new husband's place of employment, and the plaintiff relocated to a Rochester, New York, suburb. Despite

his former wife's refusal to bear any responsibility for transporting the children to Rome, plaintiff faithfully made two round trips between Rochester and Windham, a total of 1,600 miles, for visitation on alternating weekends.

Plaintiff commenced this proceeding in Family Court for sole custody of the children. The court found that there was no compelling reason for defendant wife's relocation and that her interference in plaintiff's exercise of visitation warranted a change of custody of the children, then ages 11, 9 and 6, to plaintiff and fixed a liberal visitation schedule for defendant.

Defendant, in her role as primary physical custodian, has been uncooperative with respect to plaintiff's exercise of visitation. We are not persuaded, however, that her past conduct represents an inability to perform the responsibilities of a custodial parent sufficient to warrant a change of custody at this time. The children have adjusted well to their new environment, each parent is individually providing excellent care and guidance and despite the travel schedule, the children desire to continue their visitations. Under the circumstances, joint custody with visitations pursuant to the separation agreement is in the best interests of the children.

We further conclude that the court properly directed each party to be responsible for transporting the children to and from Rome, New York, for visitation. The children's grandparents continue to reside in Rome, and the directive is consistent with obligations voluntarily assumed in the agreement. Moreover, defendant has a responsibility to transport the children to a location where plaintiff may conveniently exercise visitation. *(see, Barie v Faulkner,* 115 AD2d 1003, 1004).

Accordingly, we modify the order to delete those decretal paragraphs changing custody, fixing a visitation schedule for defendant and directing plaintiff to provide defendant with the Fairport school schedule, and otherwise affirm. (Appeal from order of Oneida County Family Court, Flemma, J.—custody.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.