■ In the Matter of KEVIN LOWE, Appellant, v SUSAN WITCHELLA, Respondent.—Yesawich, Jr., J. Appeal from an order of the Family Court of Chenango County (Thomas, J.), entered October 30, 1985, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Jason Lowe.

Petitioner and respondent were married in 1977. Jason Lowe is the only issue of their union which ended in November 1979. Pursuant to the terms of a separation agreement incorporated but not merged into their divorce judgment, respondent was awarded custody of Jason, with petitioner enjoying substantial visitation rights.

Petitioner's application, in 1983, to obtain custody of Jason was denied. In July 1985, the instant petition, predicated upon a perceived change in circumstances, was filed. Petitioner alleges that the child's academic difficulties at school are the consequence of his present living arrangement and that the best interest of the child, who was seven years of age at the time, would be promoted by a custody change. After a hearing, at which both parties were represented by counsel and assisted by psychologists of their choice, Family Court concluded that no valid reason existed to alter custody and denied the petition. It did, however, direct the situation be reexamined in 12 months.

On appeal, petitioner's principal arguments are that Family Court applied an improper legal standard in resolving the custody issue, and that the court's determination was against the weight of the evidence.

Contrary to petitioner's assertion, a reading of Family Court's decision in its entirety makes clear that despite the court's reference therein, when it prefaced its review of the evidence elicited at the various hearings, to the phrase "abuse and neglect", that it relied upon the appropriate standard, the best interest of the child (see, Domestic Relations Law § 70) in reaching its decision.

Nor is Family Court's decision against the weight of the evidence. There is no suggestion either parent is unfit. Further, much of the testimony from the parties, their experts, relatives and friends was conflicting. Since Family Court was in the best position to observe the demeanor and evaluate the credibility of those testifying, its findings in this regard are to be accorded great deference (see, Eschbach v Eschbach, 56 NY2d 167, 173).

Examined from this viewpoint, the record affords no basis for rejecting Family Court's conclusion that the change in circumstances that petitioner sought to prove occurred since the 1983 custody hearing, namely, excessive punishment of the child by respondent and an unstable living environment, occasioned by her absences from the home and the need consequently to have the child spend considerable time with

grandparents and baby-sitters, was not satisfactorily established. There is, on the other hand, ample justification for the court's observation that petitioner and his spouse have contributed to Jason's instability by openly suggesting to the child that he might be able to permanently live with them.

Although the child and the Law Guardian both expressed a desire to change custody, and we are aware that respondent works erratic hours, on this record it appears the child's best interest will be served by continuing the existing custodial arrangement. Moreover, the fact that Family Court will review the matter anew in the near future assures ongoing concern for the child's well-being.

Order affirmed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.