■ In the Matter of LEO E. MEAD, Respondent, v KATHRYN J. MEAD, Appellant.—Levine, J. Appeal from an amended order of the Family Court of Delaware County (Estes, J.), entered March 28, 1988, which granted custody of the parties' children to petitioner.

Petitioner and respondent were married in 1973 and had two children, Mark and Holly, now aged 15 and 13, respectively. In 1983, they entered into a separation agreement under which respondent was given custody of the children, subject to petitioner's rights of visitation. In 1984, Family Court entered two orders upon the parties' stipulations, spelling out petitioner's visitation rights. The following year petitioner obtained a divorce, based upon the prior separation agreement, which left intact the prior orders of custody and visitation. Petitioner thereafter married his present wife and has been living with her and the two teen-age children of her prior marriage in Preston Park, Pennsylvania, about seven miles from the residence of respondent and the children in the Town of Hancock, Delaware County. Respondent, the children and the man respondent has been living with moved from Hancock to a place some 90 miles away where the man took employment. They moved back to Hancock some seven or eight months later, in the fall of 1986, at about the time petitioner brought this proceeding for custody. After a hearing held in January and February 1987, Family Court granted the petition. This appeal followed.

Respondent's primary argument on appeal is that there was insufficient evidence of countervailing circumstances to overcome the value of stability and continuity of care of the children which would have been maintained had the existing custody arrangement been left undisturbed. Hence, respondent claims that Family Court abused its discretion in awarding custody to petitioner. We disagree. Although a prior custody award based on parental agreement is a weighty

factor, it is not conclusive, but only one of a number of considerations in determining whether, in the totality of the circumstances, a change in custody is required in the best interests of the children *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 95-96). Here, Family Court found that countervailing circumstances existed, namely, that petitioner offered a more stable, comfortable living environment for the children, and was more flexible and responsive to their emotional needs as they began to approach maturity. Because of these circumstances Family Court also found that the parties' son, independent of any parental influence, expressed a strong preference for living with petitioner. His desire was shared to a lesser degree by their daughter.

The foregoing findings were supported in the testimony of the parties and their mates, the report from the Delaware County Mental Health Clinic and Family Court's in camera interview of the children. Notably, the mental health report specifically alluded to the difficulties the children were experiencing with respondent's "intensity and demanding nature" and with the cramped and temporary nature of her living quarters. The report further stated that the son would benefit developmentally from a change in custody. There was also evidence establishing that petitioner's financial and housing situations were more stable than that of respondent. These factors, plus the son's expressed preference, independently and maturely arrived at, justified Family Court's decision as to his custody *(see, Eschbach v Eschbach,* 56 NY2d 167, 172-173; *Matter of Noguera v Noguera,* 129 AD2d 906, 907-908). While, concededly, respondent was a fit parent, and other conclusions could have been derived from the facts, Family Court's evaluation of the relevant circumstances is entitled to great respect, given its ability to directly assess the character, credibility and sincerity of the parties involved *(see, supra).*

In view of the daughter's attachment to her brother and the general desirability of keeping siblings together, Family Court also acted properly in awarding her custody to petitioner *(see, Eschbach v Eschbach, supra; Matter of Ebert v Ebert,* 38 NY2d 700, 704).

Order affirmed, without costs. Mahoney, P. J., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.