■ In the Matter of TERANCE P. DOYLE, Respondent, v ELIZABETH McLOUGHLIN, Appellant.—Mercure, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered December 21, 1987, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of Kelly Doyle.

The parties were married in September 1978; Kelly Doyle, the only child of the marriage, was born in February 1981. Petitioner and respondent separated when Kelly was less than a year old, entered into a separation agreement in June 1982, which accorded custody to respondent, and, thereafter, obtained a conversion divorce. The judgment of divorce provided that the separation agreement should survive and not merge in the judgment. In September 1982, respondent enrolled full time in St. John's University, completing her studies and obtaining a degree in three years. During her years at St. John's, however, studying consumed a great deal of respondent's time and she requested that petitioner take Kelly for more extended periods. From September 1983, Kelly generally lived with petitioner and respondent had minimal contact with her. In August 1985, petitioner sought an order of

Family Court modifying the judgment of divorce to transfer custody of Kelly to him. Hearings were held before Family Court at which, *inter alia,* a court-appointed psychiatrist opined that Kelly should remain with petitioner. Family Court modified the judgment to award custody to petitioner. This appeal by respondent ensued.

Initially, respondent contends that she was unfairly prejudiced by the testimony of the court-appointed psychiatrist immediately after he met petitioner, petitioner's new wife, petitioner's attorney and Kelly for lunch. However, the matter is not preserved for our review as respondent never objected at the hearing to the admission of the psychiatric expert's testimony *(see, Matter of Broome County Dept. of Social Servs. v Dennis,* 97 AD2d 908, 909). Were we to consider the issue, the result would be no different. The court-appointed expert's testimony was primarily based upon his prior examination of the parties and the resulting written reports. We find no support in the record for respondent's assertion that the testimony was biased.

Turning to respondent's central contention that Family Court erred in modifying the judgment of divorce to award custody to petitioner, we observe that, as always, our paramount concern is the best interest of the child *(Eschbach v Eschbach,* 56 NY2d 167, 171). The fact that the parties have entered into a separation agreement providing for custody should be considered but is only one of numerous factors to be weighed by a trial court in deciding whether a change of custody is warranted *(supra).* The rationale for giving priority to such prior custody agreement is the stability promoted thereby *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 94-95). Here, the agreement should be accorded less weight since petitioner has had de facto custody for several years. Other factors to be considered include the desires of the child *(see, Matter of Ebert v Ebert,* 38 NY2d 700, 702) and the quality of the home environment to which the child is accustomed or may be exposed *(see, Eschbach v Eschbach, supra,* at 172). Here Kelly expressed a preference that custody be with petitioner and there is ample support in the record for a determination that the home environment provided by petitioner is conducive to the child's best interest. We agree with Family Court that "stability in a child's life is in the child's best interests" *(Friederwitzer v Friederwitzer, supra,* at 94) and that stability is promoted by granting the instant application.

Where, as here, Family Court has conducted a full evidentiary hearing, its findings are not lightly to be set aside *(Ira K.*

*v Frances K.,* 115 AD2d 699). Due deference must be accorded to the hearing court which is entrusted with the role of evaluating the conflicting testimony first hand *(see, Eschbach v Eschbach, supra,* at 173), including that of experts *(see, Ira K. v Frances K., supra,* at 700). It is clear that Family Court exercised its discretion after a thorough review and we should not disturb its determination, which has a sound and substantial, basis *(Matter of Broome County Dept. of Social Servs. v Dennis,* 97 AD2d 908, *supra; see, Matter of Lamb v Lamb,* 69 AD2d 961, 962). We have examined respondent's remaining contentions and find them to be either unpreserved for review or without merit.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.