■ JOYCE A. JOHNS, Appellant, v RALPH C. JOHNS, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered September 14, 1988 in Schuyler County, which, *inter alia,* awarded physical placement of the parties' children to defendant.

In 1986, after five years of marriage, the parties separated. Two children were born of the marriage; at the time of the separation one child was three years old, the other four years old. Plaintiff petitioned Family Court for an order awarding her custody of the children. Prior to the hearing, the parties stipulated to joint custody with physical placement with plaintiff and liberal visitation to defendant. Family Court's order, which was based on this stipulation, a Probation Department report and update, and the Law Guardian's approval, tracked the stipulation.

In 1987, plaintiff commenced the instant divorce action in which she sought, among other things, custody of the children. Defendant answered and counterclaimed for similar relief. After the parties stipulated to mutual divorces on the ground of cruel and inhuman treatment, Supreme Court held a hearing to determine the issues remaining, including custody of the children.

The record amply supports Supreme Court's determination that both parties love the children and are able to provide adequate care and education. It is also clear from the record that both parents were unfaithful during the marriage and, subsequent to their separation, plaintiff maintained live-in relationships in the children's presence. Neither party, however, demonstrated that the other's indiscretions adversely affected the children. Additionally, it was established at trial that both parents abused alcohol and that plaintiff often imbibed to the point where she became intoxicated and, as a result, she occasionally reacted violently toward those around her, including defendant. On one occasion, she assaulted another woman and her husband at a social gathering, threw a rock which shattered the front passenger window of her own car in which her children lay sleeping, and then drove away with the children still in the vehicle, even though she later admitted to being intoxicated shortly before her uncontrolled outburst. On still another occasion, she threw a kitchen chair at defendant; at the time, one of her sons was standing next to defendant. There was also evidence that during the summer of 1985, the children, who purportedly were being cared for by plaintiff at the time, often were found wandering about a construction site located near the marital home and playing

on heavy equipment in which the keys were in the ignition. A construction worker, coming upon the children, would have to call plaintiff, who was at home sleeping, and ask her to come and retrieve them.

Based on this evidence, Supreme Court continued joint custody in the parents, but awarded defendant physical custody of the children. On this appeal, plaintiff argues that Family Court's earlier award giving physical custody to her precludes Supreme Court from altering that arrangement in the absence of an extraordinary change in circumstances. We disagree.

The best interest of the child in light of all the applicable circumstances is the standard to be considered when deciding whether to alter or modify a prior custody award *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). And while the previous caretaking arrangement, whether the product of litigation or mutual consent, is to be accorded priority *(Matter of Nehra v Uhlar,* 43 NY2d 242, 251), it is but one component among many to be weighed on any subsequent custody application. No one factor is determinative *(Friederwitzer v Friederwitzer, supra,* at 94). Moreover, the parties, by agreement, cannot bind a court to a disposition which the court finds contrary to the children's best interests *(People ex rel. Wasserberger v Wasserberger,* 42 AD2d 93, 94, *affd* 34 NY2d 660).

The record indicates that Supreme Court issued its determination only after considering all relevant factors bearing on the children's best interests. As that determination is based upon the totality of the circumstances, as *Friederwitzer v Friederwitzer (supra)* requires, Supreme Court cannot be said to have abused its discretion; accordingly, an affirmance is dictated.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.