■ In the Matter of NANETTE M. HOHENFORST, Appellant, v THOMAS R. HOHENFORST, Respondent.—Levine, J. Appeal from an order of the Family Court of Fulton County (Holtzworth, J.), entered December 12, 1989, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

Petitioner and respondent were married in 1982 and had two children, a daughter and a son, who are now seven and five years of age, respectively. In 1988, the parties were divorced pursuant to a judgment of Supreme Court which continued a prior Family Court order granting the parties joint custody of their children, with physical custody awarded to respondent and unlimited visitation rights awarded to petitioner. Some three months after the divorce, the parties resumed cohabitation, apparently to enable petitioner to assist in the care of the children. That arrangement ended, however, in April 1989. Thereafter, in May 1989, petitioner commenced the instant proceeding seeking physical custody of the parties' children. A hearing was held in November 1989 and, following

---

2. Respondent incorrectly states that Family Court issued a conditional order of preclusion.

the close of petitioner's case, Family Court dismissed the petition. This appeal followed.

Petitioner's sole contention on this appeal is that there was ample evidence establishing that a change of custody would be in the best interest of the children. We disagree. A decision regarding modification of a prior custody award requires consideration of all relevant factors and a determination as to whether, in the totality of the circumstances, such a change is in the best interests of the children (see, *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96; *Johns v Johns*, 156 AD2d 777, 778; *Matter of Mead v Mead*, 143 AD2d 454, 454-455). Here, Family Court found that respondent had stable employment and that he provided for the children's care and safety in an acceptable home environment. In contrast, the court found that petitioner had worked for seven different employers during the one-year period preceding the hearing, that her one-bedroom apartment was not suitable for the children and that, in 1988, she had been found guilty of medical neglect of her daughter. Family Court also found, based upon an in-camera interview with the parties' children, that they did not like petitioner's boyfriend who frequented her apartment when they were visiting and that they expressed a strong preference to remain with respondent. While the court recognized that respondent had demonstrated some immaturity in the past with regard to his control of the children and his attempts to prevent them from seeing petitioner, it noted that such conduct did not warrant a change of physical custody.

The foregoing findings were supported in large part by the testimony of the parties and the probation officer who conducted the home study in this case, as well as the Law Guardian's report. That report stated that respondent was better able to provide a stable environment, both financially and emotionally, and possessed a comfortable home with adequate space for the children. The report further indicated that the children have formed a strong bond with respondent and that a change in custody would be detrimental, at least initially, to the children's stability. In view of these circumstances, and according deference to Family Court's evaluation of the hearing testimony (see, *Eschbach v Eschbach*, 56 NY2d 167, 172-173; *Matter of Mead v Mead*, 143 AD2d 454, 455, *supra; Matter of Lowe v Witchella*, 125 AD2d 851, 852), we conclude that Family Court properly determined that physical custody should remain with respondent.

Order affirmed, without costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.