■ In the Matter of KAREN TABER, Appellant, v JAMES HERLIHY, Respondent.—Levine, J. Appeals from two orders of the Family Court of Clinton County (Lewis, J.), entered March 5, 1990 and April 22, 1990, which, *inter alia,* denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Ryan Herlihy.

Petitioner and respondent are the parents of Ryan Herlihy, born May 31, 1985. Although the parties never married, they resided together for nearly two years in the City of Plattsburgh, Clinton County, following their son's birth. When the parties' relationship terminated, petitioner moved with the child to Rensselaer County, where she petitioned for custody. By order entered April 17, 1987, Family Court of Rensselaer County granted the parties joint custody, pursuant to their stipulation, with petitioner having primary physical custody and respondent having liberal visitation rights.

Shortly thereafter, petitioner and the child returned to the Plattsburgh area where petitioner became involved in a relationship with an individual with whom she had a daughter in 1988. Petitioner resided with this individual and the two children until sometime in 1989, when the couple agreed to live apart. During petitioner's move to a local motel, respondent agreed to care for Ryan. When petitioner requested the child's return, however, respondent refused. Petitioner then

commenced the instant proceeding seeking enforcement of the prior order and full custody. Respondent answered and cross-petitioned for custody. Following a hearing, Family Court continued the parties' joint legal custody, but awarded respondent primary physical custody with specified custodial periods for petitioner. This appeal ensued.

Petitioner's primary contention on this appeal is that there was insufficient evidence to support Family Court's decision and, thus, it abused its discretion in awarding physical custody to respondent. We disagree. A decision regarding a change in custody requires consideration of all relevant factors and a determination as to whether, in the totality of the circumstances, such a change is in the best interest of the child *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 95-96; *Matter of Mead v Mead,* 143 AD2d 454, 454-455). Although a prior custody award based upon voluntary agreement is a weighty factor, it is not conclusive, particularly where, as here, countervailing circumstances exist *(see, Friederwitzer v Friederwitzer, supra).* In this case, Family Court found that while both parties had in the past shown a lack of maturity and an inability to perform the parental role, they had each subsequently demonstrated a desire to provide for Ryan's well-being. However, the court also found that respondent would be better able to provide the stable and consistent environment essential to Ryan's physical and emotional needs.

Family Court's findings were in accord with the recommendations of the Law Guardian and supported to a significant extent by the testimony of the parties, Judith Martens, a psychiatric social worker from Clinton County Community Mental Health Clinic and Donald Layman, a senior supervising social worker from Champlain Valley Family Services. Based upon home visits with petitioner and respondent and observations of Ryan's interaction with both parties, Martens testified that she found that Ryan had a more comfortable, warm and trusting relationship with respondent than with petitioner, and believed that respondent was better able to offer the emotional security and stability necessary to Ryan's healthy development. The testimony of Layman, who performed court-ordered evaluations of the parties, revealed that petitioner and respondent had each had problems in the past with substance abuse. Layman opined, however, that while petitioner had not fully accepted that marihuana use was not in her best interest, respondent had clearly recognized and accepted his alcohol addiction and taken steps toward self-help

following the completion of an intensive rehabilitation program.

Respondent testified that he had held 12 jobs in the past three years and been inconsistent, until recently, with both his child support payments and the exercise of his visitation rights. Respondent also stated that, following his rehabilitation, he obtained employment as a community residence counselor with Clinton County Association for Retarded Citizens and moved into his mother's residence, where he plans to stay until he becomes financially independent. Conversely, petitioner testified that she has moved at least nine times in two years and that, during the pendency of this proceeding, she lost her job and was arrested and convicted for stealing a former co-worker's wallet. Petitioner explained this incident as being prompted by her fear that she would be unable to heat her home after the Department of Social Services erred in calculating her heating allowance.

In view of the foregoing, certainly neither party is a model parent. We give great deference, however, to Family Court's evaluation of all relevant circumstances, its assessment of the credibility of witnesses and the weight accorded the various testimony, including that of experts (see, Eschbach v Eschbach, 56 NY2d 167, 172-173; Matter of Doyle v McLoughlin, 146 AD2d 940, 942). On this record, we decline to disturb Family Court's determination which, in our view, has a sound and substantial basis (see, Matter of Doyle v McLoughlin, supra).

As a final matter, we reject petitioner's claim that her 5th Amendment privilege against self-incrimination was violated on cross-examination. During her direct testimony, petitioner voluntarily stated that she had smoked marihuana on an occasional basis in the past, thereby evidencing "a willingness to forego [her] constitutional privilege" (Steinbrecher v Wapnick, 24 NY2d 354, 362). Thus, the privilege was clearly waived (see, supra, at 361-362).

Mahoney, P. J., Mercure, Crew III and Harvey, JJ., concur. Ordered that the orders are affirmed, without costs.