OPINION OF THE COURT
Karen K. Peters, J.
By petition sworn to on July 9, 1991, Arlene R, mother of Nicole S. R., has requested this court to modify its prior order of custody which was entered on October 5, 1990. The prior order granted joint custody of the child to both parents. In her petition, petitioner alleges that no custody proceeding concerning the custody of the same child is pending in New York *981 State or any other State. She contends that there has been a significant change in circumstances since the court’s original order was entered and alleges it would be in the best interests of the child to have custody awarded to her.
On September 10, 1991, this court received a letter from Mr. Stephen R, pro se respondent, requesting a copy of a psychological evaluation which was conducted by Dr. Beyer in a prior proceeding. He represented that he was appearing in this proceeding pro se. In response to Mr. R.’s communication, this court’s law assistant advised Mr. R. that the report was not discoverable at this time. Subsequent to that communication, Mr. R. wrote to the court, by letter received September 19, 1991, and represented that he was "doing his own divorce.”
As the matter of the pending matrimonial action was thereby brought to the court’s attention, for the first time by Mr. R.’s communication, this court requested copies of all submissions filed in the divorce proceeding. Both Mr. R. and counsel for Ms. R. provided the court with such copies. Ms. Durst, counsel for Ms. R., brought to the court’s attention the fact that while Ms. R. had filed an action for divorce, she had not requested an order of custody from the Supreme Court. Mr. R. had filed an answer and counterclaim in the matrimonial action in which custody was requested. Subsequent to Mr. R.’s filing of the answer and counterclaim, Justice Cobb, the Supreme Court Justice who is presently assigned to handle this action, rendered a decision dismissing said counterclaim without prejudice and provided Mr. R. with an additional 30 days to serve an amended answer which complied with the provisions of the CPLR.
The issue before the court is whether this court should entertain Ms. R.’s petition to modify its prior order while a matrimonial action is pending in Supreme Court.
It is notable that no motion to dismiss has been formally made, however, this court has the authority to consider whether to entertain such petition on its own motion.
Domestic Relations Law § 240 (1) specifically outlines the parameters of a matrimonial or custody action pending before the Supreme Court. Such section provides, inter alla, as follows: "[i]n any action or proceeding brought (1) to annul a marriage or to declare the nullity of a void marriage, or (2) for a separation, or (3) for a divorce, or (4) to obtain, by a writ of habeas corpus or by petition and order to show cause, the *982 custody of or right to visitation with any child of the marriage, the court must give such direction, between the parties, for the custody and support of any child of the parties, as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties and to the best interests of the child.” (Domestic Relations Law § 240 [1].) Thus, in many situations, if a prior custody order has been entered by the Family Court, the Supreme Court clearly has the authority to adopt that decision of the Family Court and provide for custody of the children as set forth in the order of the Family Court. However, the Supreme Court is not required to do so. Supreme Court may modify the custody determination of the Family Court if it deems such modification appropriate.
While plaintiff in the matrimonial action has not requested an order of custody, the Domestic Relations Law specifically requires that in any matrimonial action in which there is a child of the parties, the Supreme Court Justice must determine custody of the child. Therefore, the issue of custody is always before the Supreme Court whether or not a specific request for a custody order is made within the confines of the matrimonial action. (Rodriguez v Rodriguez, 79 AD2d 550 [1980].)
While petitioner may well contend that the issue of modification of this court’s prior order is appropriately before the Family Court, this court cannot ignore the fact that such modification may be made before the Supreme Court and that, in fact, the Supreme Court may well choose to enter a custody order different from that entered by the Family Court.
This court is also mindful that at no time in our history have the courts of this State been so overburdened with litigation at a time when resources were so scarce. Each and every citizen who has been involved in proceedings in the Supreme Court or the Family Court of the State of New York are well aware of the extensive delays occasioned by the large number of pending cases. This court has the authority, in its discretion, to decline to entertain a petition when a matrimonial action is pending in Supreme Court. (Matter of Roy v Roy, 109 AD2d 150 [1985].) This court is also authorized to dismiss the within petition in the interest of judicial economy under the general provisions of CPLR 3211 (a) (4).
As the Supreme Court must make provisions for the custody of this child in the context of the matrimonial action, this *983 court finds it most appropriate for the issue of modification of the prior order to be brought to the attention of the Supreme Court for trial, if necessary, in that court.
This court hereby dismisses the petition for modification on the grounds that an action is pending in the Supreme Court in which the issue would be more appropriately resolved.