■ Marianna Finn, Appellant, v Michael Finn, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Lynn Jr., J.H.O.), entered November 16, 1989 in Ulster County, which, inter alia, granted defendant's motion to modify the custody provisions of a prior judgment of divorce.

The parties were married in June 1979. Plaintiff commenced an action for divorce and the disputed issues, including custody of the parties' three children, came on for trial. In December 1987, Supreme Court granted judgment, inter alia, dissolving the parties' marriage and awarding custody of the children to plaintiff. In February 1989, defendant moved to, inter alia, modify the custody provision of the judgment of divorce. Following a trial, Supreme Court granted the motion with respect to custody and awarded defendant sole custody of the children. Plaintiff appeals.

We affirm. We begin with the proposition that the "evaluation of the testimony, character and sincerity of all the parties involved in [a child custody] dispute * * * can best be made by

the trial court" *(Eschbach v Eschbach,* 56 NY2d 167, 173) and, therefore, that its findings "must be accorded the greatest respect" *(supra,* at 173; *accord, Matter of Taber v Herlihy,* 174 AD2d 777, 779). Further, "while the previous caretaking arrangement, whether the product of litigation or mutual consent, is to be accorded priority * * * it is but one component among many to be weighed on any subsequent custody application" *(Johns v Johns,* 156 AD2d 777, 778; *see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 94). We also note that Supreme Court's decision following the first custody trial indicated that plaintiff was "the better of two bad choices", that the award to plaintiff was "by the slightest of margins" and that "it [would] not take a great deal of demonstration of reform by [defendant] accompanied by a violation of the terms of the final order or disturbance with [defendant's] visitation rights" to cause a change of custody to defendant.

Resolving credibility issues in defendant's favor, as did Supreme Court, the trial evidence established a persistent effort on plaintiff's part to prevent the children from seeing and being with their father. In our view, this conduct was "so inconsistent with the best interests of the children as to, per se, raise a strong probability that [plaintiff] is unfit to act as custodial parent" *(Entwistle v Entwistle,* 61 AD2d 380, 384-385; *see, Matter of Merchant v Merchant,* 96 AD2d 538; *see also, Bliss v Ach,* 56 NY2d 995, 998). Further, the testimony of two psychologists supported a change in custody, one stating that defendant was a preferable custodial parent and the other opining that one of the children had been subjected to sexual abuse while in plaintiff's care. Finally, the evidence established a significant improvement in defendant's overall lifestyle, particularly in the areas criticized by Supreme Court in its earlier decision. By the time of the trial on the modification proceeding, defendant had obtained full-time employment, had discontinued his hobby of auto racing and was engaged to marry the woman with whom he had previously cohabited. In our view, Supreme Court properly concluded that, based on the totality of the circumstances, it was in the best interests of the children to award custody to defendant *(see, Matter of Taber v Herlihy, supra; Matter of Hohenforst v Hohenforst,* 169 AD2d 952).

Mahoney, P. J., Weiss and Levine, JJ., concur. Ordered that the order is affirmed, with costs.