■ SUE E. COCHRAN, Appellant, v SCOTT COCHRAN, Respondent.—Harvey, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered May 10, 1990, which, upon referral of the matter from Supreme Court, directed, inter alia, that defendant be awarded custody of the parties' children.

The parties were married on October 13, 1984 and two children were born of the marriage, Sara (born March 26, 1985) and Staci (born October 8, 1986). Plaintiff and defendant separated and were awarded joint legal and physical custody of the children with restrictions that the children not be removed from Chemung County and not be in the company of plaintiff's paramour. As part of the custody arrangement the parties agreed that they would each receive the children on alternating weeks. Plaintiff moved into her parents' home and the children stayed there when it was plaintiff's week to care for them. Defendant moved into a two-bedroom apartment. Since both parties worked, a babysitter cared for the children during the day.

About a year following plaintiff's commencement of this action for divorce, plaintiff sought to modify the Family Court order so as to remove the restriction prohibiting the children from being in the company of her paramour. Before a hearing on that restriction could be held in Family Court, plaintiff amended her complaint in the divorce action to request sole custody of the children. Defendant then served an amended answer with a counterclaim also requesting sole custody of the children. Supreme Court referred custodial and visitation matters to Family Court. Family Court held a hearing and ultimately awarded sole legal and physical custody of the children to defendant with liberal visitation to plaintiff. This appeal by plaintiff followed.

Plaintiff contends that Family Court's decision in awarding custody of the parties' children to defendant was not sup-

ported by the evidence in the record. Notably, a "decision regarding a change in custody requires consideration of all relevant factors and a determination as to whether, in the totality of the circumstances, such a change is in the best interest of the child[ren]" *(Matter of Taber v Herlihy,* 174 AD2d 777, 778). Factual findings made by Family Court are generally accorded great deference *(Matter of Flynn-Stallmer v Stallmer,* 167 AD2d 575, 576, *lv dismissed* 77 NY2d 939) and will be disturbed only if they lack a sound and substantial basis in the record *(Matter of Gitchell v Gitchell,* 165 AD2d 890, 892).

Here, after reviewing the record, this court agrees with Family Court that this is a very difficult case because, while neither parent has proved to be a flawless candidate, both are almost equally suited to be fit and loving custodial parents. Nevertheless, Family Court noted that communication between the parties is poor and, therefore, continuing joint custody of the girls would not be advisable, especially because the alternating week system the parties had devised is too unstable a situation for children approaching school age. As a result, the court considered that the most relevant inquiry was to determine which parent could provide the most meaningful quality time with the children in the best environment.

With respect to plaintiff's situation, Family Court noted that she was dividing her time between seeing her children and visiting her paramour, who lived outside of Chemung County. At the time of the hearing, plaintiff was living with her parents where she had one bedroom (with three beds) that she had to share with the children when they visited. Significantly, plaintiff expressed her willingness to remove the children from Chemung County by testifying that she did not wish to be restricted to the area since she might have to seek employment elsewhere and would consider moving if her paramour was transferred. In contrast to this information, defendant testified that the children had their own bedroom in his apartment with two beds, dressers, toys, house plants and a library of books for the children to read. Defendant testified that he had a steady job in Chemung County with a potentially flexible schedule, and had every intention of remaining there so that the children could grow up near both his and plaintiff's family. Defendant also testified that all of his free time is spent with the children playing in the yard, going to the park, coloring, fingerpainting and visiting family friends.

Balancing the totality of all these circumstances, it is our view that Family Court's decision was sufficiently supported

by the record. While plaintiff is understandably upset with this decision, she is free to seek a modification if circumstances change or if defendant does not comply with certain conditions set forth in Family Court's custody order.

Mahoney, P. J., Casey and Mikoll, JJ., concur; Crew III, J., not taking part. Ordered that the order is affirmed, without costs.