■ In the Matter of ROSE M. SHANKS, Appellant, v KHAMMANH SYSEN, Respondent.—Appeal from an order of the Family Court of Broome County (Barrett, J.), entered May 23, 1991, which, *inter alia,* partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for primary physical custody of the parties' child.

Petitioner and respondent are the parents of a daughter born October 13, 1986. The parties, who have never been married, have joint custody of their daughter and, at the time of this proceeding, physical custody was with respondent. While the specifics of the original custody award do not appear in this record, it appears that petitioner has had visitation with the child every weekend. In addition, Family Court modified the original award by providing that petitioner shall have the child ahead of any third party if respondent is away from his home for more than five hours. Petitioner commenced this proceeding seeking primary physical custody of the child. Family Court modified the existing award, but only by granting petitioner physical custody during the summer vacation. Petitioner appeals.

The standard to apply in deciding whether to modify a prior custody award is the best interest of the child when all of the applicable circumstances are considered *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 95; *Matter of Hohenforst v Hohenforst,* 169 AD2d 952, 953). A weighing of various factors must be made and the hearing court is generally in the best position to make the appropriate evaluation *(see, Eschbach v Eschbach,* 56 NY2d 167, 173).

Petitioner resides with her two other children, who were not fathered by respondent, and respondent resides with his girlfriend, her three children and a friend. The record indicates that the child has a good relationship with respondent's girlfriend. Although neither parent works at this time (both petitioner and respondent's girlfriend receive public assistance), both are able to provide a comfortable, clean home for the child in a good neighborhood with good schools. Looking at the custody arrangement as a whole, therefore, and according

deference to Family Court's evaluation of the testimony *(see, Eschbach v Eschbach, supra,* at 174; *Matter of Schaefer v Brennan,* 170 AD2d 879, 881-882), we cannot say that the present custody arrangement is not in the child's best interest.

As a final matter, we disagree with petitioner's contention that Family Court's erroneous statement in its sixth finding constituted reversible error. While the Law Guardian did not recommend that the child reside with petitioner only during the summer months, as the court stated, a look at the court's remaining six findings reveals that they are consistent with its ultimate conclusion, that respondent should have physical custody of the child during the school year. In addition, when Family Court subsequently acknowledged that it misunderstood the recommendation, it explained that it merely thought that the Law Guardian was recommending a division in primary physical custody, which is what the court ordered.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.