■ In the Matter of JOHN P. CLARY, Appellant, v SANDRA K. BOND, Respondent.—Yesawich Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered February 7, 1990, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

Petitioner terminated the parties' 10-year relationship in late 1985. The following year respondent gave birth to Tiffany, the parties' child; paternity is not disputed. In March 1988,

the parties voluntarily entered into an agreement which provided that respondent would have custody of Tiffany and petitioner would be afforded visitation. At petitioner's request, a temporary order confirming this arrangement was entered by Family Court in April 1988. Thereafter, respondent repeatedly thwarted or interfered with petitioner's visitation rights prompting petitioner to secure orders of protection, initiate proceedings punishing respondent for contempt and eventually to file a custody petition. Following a fact-finding hearing, Family Court awarded sole custody of Tiffany to respondent even though she had willfully violated its protection orders and had been found in contempt for violating visitation orders. Petitioner appeals.

Petitioner maintains that Family Court continued custody in respondent not because doing so was in the best interest of the child—the standard to be applied in custody cases *(see,* Domestic Relations Law § 70; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93)—but because it could not "find anything wrong with [petitioner] but [respondent has] had the child and the child is okay". When viewed in context, however, this language merely reflects Family Court's awareness of the importance of stability in a child's life and the court's reluctance to alter an existing custody arrangement which was the product of earlier litigation or voluntary agreement *(see, Friederwitzer v Friederwitzer, supra,* at 94). Although a prior custody arrangement is not determinative, it is nonetheless important; where there is no indication that a change in custody will substantially enhance the child's welfare and the custodial parent is not shown to be less fit to continue as custodian, the custody disposition in place should not be disturbed *(Obey v Degling,* 37 NY2d 768, 770; *Matter of McCauliffe v Peace,* 176 AD2d 382, 383).

Family Court also considered a host of other factors, including the quality of the homes, the physical and mental health of the parties, their relationship and communication with the child, and the child's emotional, educational, physical and religious needs. With regard to most of these factors, the parties were found to be essentially similar. Not insignificantly though, Family Court found that respondent would continue to be able to care for Tiffany directly, whereas petitioner would have to place her with babysitters during at least part of each day. This fact was rightly held to weigh in favor of placing Tiffany with respondent *(see, Matter of Schwartz v Schwartz,* 144 AD2d 857, 860, *lv denied* 74 NY2d 604).* Furthermore, a report furnished by the St. Lawrence

County Probation Department recommended, as did the Law Guardian, that custody remain with respondent.

The only truly unpropitious factor of substance counting against placing Tiffany with respondent is the latter's interference with petitioner's visitation rights. While this can be a serious matter *(see, e.g., Finn v Finn,* 176 AD2d 1132; *Entwistle v Entwistle,* 61 AD2d 380, 384-385, *appeal dismissed* 44 NY2d 851)*, the circumstances here are not so egregious as to warrant changing custody *(see, Arthur v Arthur,* 125 AD2d 994, 995, *appeal dismissed* 69 NY2d 823, *lv denied* 69 NY2d 608)*. In this regard, it is worth noting that although petitioner's visitation was impeded at times, he was in fact able to visit Tiffany fairly regularly.

Weiss, P. J., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.