■ KARLA DUNN, Respondent, v ALTON G. DUNN, III, Appellant. [638 NYS2d 238] —Casey, J. Appeal from that part of a judg-

ment of the Supreme Court (Ingraham, J.) ordering equitable distribution of the parties' marital property and custody, entered June 23, 1994 in Chenango County, upon a decision of the court.

Prior to the commencement of this Supreme Court action for divorce in February 1992, plaintiff filed a petition in Family Court for custody of the parties' two daughters, which resulted in an initial Family Court order granting physical custody of the children to plaintiff with liberal visitation to defendant. Based upon plaintiff's continuing interference with his visitation rights, defendant thereafter applied for a modification of the custody order seeking to obtain custody of the children; he also sought to have plaintiff held in contempt for violating Family Court's orders. In October 1992, after holding plaintiff in contempt, Family Court awarded permanent custody to defendant. Prior to entry of the order, plaintiff fled to Oregon with the younger child where they were joined shortly thereafter by the older child, who subsequently reached the age of majority.

At the commencement of the trial of the divorce action, Supreme Court granted a divorce to each party on the ground of cruel and inhuman treatment on consent, and the trial proceeded on the contested issues of custody and equitable distribution. Supreme Court granted sole custody of the younger child to plaintiff and distributed the parties' marital property, resulting in this appeal by defendant.

We begin by rejecting defendant's argument that the prior Family Court order which granted custody to him precluded Supreme Court from granting custody to plaintiff. Supreme Court clearly had jurisdiction of the custody issue raised by the divorce action (see, Domestic Relations Law § 240 [1]). Although Family Court had jurisdiction to determine the custody issue raised by the petition filed prior to the commencement of the divorce action (see, Matter of Roy v Roy, 109 AD2d 150), Family Court's exercise of that jurisdiction did not preclude Supreme Court from exercising its jurisdiction (see, Johns v Johns, 156 AD2d 777, 778; Arlene R. v Stephen R., 152 Misc 2d 980, 982).

Supreme Court erred, however, in basing its custody decision solely upon hearsay reports of the child's wishes. The correct standard is that which is applicable in any case involving an application to modify a prior custody award, and no one factor is determinative (see, Johns v Johns, supra, at 778). It is also significant that Supreme Court's custody decision effectively approved a relocation of the child to a distant locale. Because such a relocation substantially affects the noncustodial parent's

visitation, the relocation must be justified by a showing of exceptional circumstances (*see, Matter of Messler v Messler*, 218 AD2d 157; *Matter of Atkin v McDaniel*, 181 AD2d 188, 189). Based upon Supreme Court's failure to apply the correct standard in making its custody decision, the custody provision of the judgment must be reversed and the matter remitted for a decision based upon the correct standard, including appropriate factual findings.

Defendant also contends that Supreme Court made certain errors in its equitable distribution decision. We agree. Plaintiff brought approximately $63,000 in separate property to the marriage and Supreme Court found that the $63,000 retained its character as separate property throughout a series of transactions. The $63,000 was first used by the parties in the purchase of a home in the State of Washington for $105,000, which the parties held jointly. When the Washington home was sold, the parties invested the proceeds in a house and acreage in Georgia, which was also held jointly. Sale of the Georgia property resulted in a substantial profit, which included a net cash payment of $250,000, whereby the parties recouped their initial investment, including the $63,000 of plaintiff's separate property. The $250,000 was deposited in a joint bank account and cash from the account apparently was subsequently used in the purchase of two separate jointly held parcels of real property in New York. The record also establishes that during the course of the marriage, the parties jointly expended a substantial sum of money in the purchase of antiques and other personal property. We find that the record as a whole, including the evidence of the deposit of the cash proceeds from the sale of the Georgia property into a joint account, establishes the parties' intent that all of the funds, including the $63,000 originally contributed by plaintiff, be treated as indistinguishable assets of the economic partnership created by the parties' marriage (*see, Carney v Carney*, 202 AD2d 907, 908; *Verrilli v Verrilli*, 172 AD2d 990, 991, *lv denied* 78 NY2d 863). We conclude, therefore, that Supreme Court erred in treating the $63,000 as separate property, and the judgment must be modified accordingly.

On the issue of wasteful dissipation of assets, Supreme Court generally found that each party wastefully dissipated the proceeds of the sale of the Georgia property, but that the dissipation occurred during the course of the marriage with the consent, express or implied, of the other party. Included in the record is evidence presented by defendant which identifies specific assets acquired during the marriage that plaintiff al-

legedly sold, exchanged or gave away after the parties separated. In light of this evidence, Supreme Court's general finding, unaccompanied by specific findings which address the evidence presented by defendant, is insufficient to permit intelligent appellate review. The wasteful dissipation issue must, therefore, be remitted to Supreme Court to cure the defect by making appropriate specific factual findings.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to defendant, by reversing so much thereof as awarded custody of the parties' younger child to plaintiff, and by deleting so much thereof as credited plaintiff with $63,000 in separate property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision on the issues of custody and wasteful dissipation of marital assets; and, as so modified, affirmed.