■ In the Matter of THOMAS J. WHITNEY, Appellant, v IRENE A. WHITNEY, Respondent.—Mahoney, P. J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered May 30, 1989, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for physical custody of the parties' children.

The parties have two sons born in 1975 and 1980. They were divorced in 1988 pursuant to a judgment which incorporated but did not merge therein a stipulation providing for

joint custody with physical custody with respondent and visitation for petitioner. Within six months, petitioner commenced this proceeding for custody. Following a hearing, Family Court found that physical custody should remain with respondent but that petitioner's visitation should be increased. Respondent also was awarded $350 in counsel fees. Petitioner appeals.

The primary concern in custody modification cases is the best interest of the child (see, e.g., Eschbach v Eschbach, 56 NY2d 167, 171). Each case must be decided on its own facts considering such matters as an agreement by the parties concerning custody and the wishes of the child, although no single factor is dispositive (supra, at 171-173). The assessment of the trial court usually is afforded great deference (supra, at 173-174).

Considering these prevailing principles, we are of the view that the order appealed from should be affirmed. There is no serious question that both parties are fit and loving parents. It also appears from the record that the children have been seriously upset by their parents' divorce so that the behavioral problems exhibited are not unexpected. The six-month period between the divorce decree and petitioner's filing of this petition was a relatively short time in which to resolve these problems and Family Court's provisions for counseling seem well designed to help ameliorate them. The preference of a child is not dispositive to the issue of custody (supra, at 172-173). The resolution is in accord with the recommendations of one court-appointed analyst and the Law Guardian. The record, considered as a whole, supports Family Court's order.

Petitioner also contends that the award of counsel fees to respondent was granted improperly in the absence of a statement of net worth under 22 NYCRR 202.16. This regulation, however, applies only when such statement is required pursuant to Domestic Relations Law § 236, which is not the case here. It appears that the parties' financial conditions were addressed in the reports to Family Court concerning custody and there is no suggestion that the information provided was erroneous. Under such circumstances, we are of the view that Family Court did not abuse its discretion in its modest award of counsel fees to respondent.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.