■ In the Matter of SUSAN M. HANSEN, Respondent, v WILLIAM POST et al., Appellants. (And Another Related Proceeding.)—Weiss, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered January 3, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Christopher Post.

Petitioner, as a nonparent interested party, petitioned for the custody of Christopher Post. Petitioner became involved with the child and his family in her role as a child protective worker for the Saratoga County Department of Social Services in 1982 when Christopher was six months old. At that time respondent Rose Post, Christopher's mother, alleged that respondent William Post, Christopher's father, was abusive toward the child. Thereafter, a social relationship developed between the parties with the child as the focus and with petitioner taking care of the child for various periods of time. The last period extended for six months of weekdays, with Christopher returning to his parents only on weekends. During this time petitioner supported the child, sending him to summer camp and paying for an after-school program with the YMCA. This arrangement and petitioner's contact with

Christopher were abruptly terminated when William Post unexpectedly arrived at the YMCA, only to be prevented from picking his child up because his name was not on the authorized pick-up list. Petitioner initially instituted a visitation proceeding and shortly thereafter commenced this custody proceeding.

At a hearing, it was revealed that five other children of William Post plus two additional children born to him and Rose Post had been permanently removed by child protective agencies under a variety of circumstances. Respondents continuously professed an unawareness of the abuse and neglect problems which caused the removals. Christopher himself has been subjected to two previous Family Court neglect proceedings. In 1984, there was a proceeding which related to the inappropriate temporary custodial arrangements of Christopher made by respondents while they were incarcerated for six months as the result of welfare fraud convictions. Although there was some reference to Christopher as a very bright child, school records show that he had been advanced from second to third grade upon social maturity rather than academic performance. Respondents completely lacked any understanding of the educational problems. Christopher was also found to have a severe emotional disturbance placing him at high risk for removal because of disturbed behavior. Respondents have a history of rejecting assistance and counseling, and are not currently amenable to any help. After a full evidentiary hearing, petitioner was granted custody and respondents now appeal.

Respondents contend that petitioner failed to make an initial showing of "surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" (Matter of Bennett v Jeffreys, 40 NY2d 543, 549). Family Court concluded that respondents were seriously lacking in parenting skills and were continuing on a course of conduct which placed Christopher in serious jeopardy, and that the facts revealed the existence of rare extraordinary circumstances as delineated in Matter of Bennett v Jeffreys (supra) which justified examination into the best interest of the child. We agree.

Family Court's reliance on a combination of factors to find extraordinary circumstances, coupled with its ultimate conclusion regarding respondents' unfitness, is appropriate here where a severely emotionally disturbed child was facing an oncoming crisis which his parents were unwilling and unable

to address in an appropriate manner. Respondents had voluntarily placed Christopher in a disruptive custodial situation where petitioner became a psychological parent, and then terminated all contact without cause. When viewed in the context of prior inappropriate custodial and unstable arrangements, respondents' history of child abuse and neglect resulting in the removal of seven other children, and respondents' limited parenting skills and lack of child-rearing judgment, a rare but real situation existed compelling judicial intervention and an examination of the best interest of the child (see, *Matter of Ronald FF. v Cindy GG.,* 70 NY2d 141, 144; *see also, Matter of Male Infant L.,* 61 NY2d 420). As the record amply supports the court's determination, its conclusions should not be disturbed (see, *Alleva v Alleva Dairy,* 129 AD2d 663), particularly where it had the advantage of seeing the witnesses and weighing their credibility (see, *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499).

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.