■ In the Matter of LOUIS FRINGO, Respondent, v MICHELA RICCIO, Appellant.—Harvey, J. Appeals (1) from an order of the Family Court of Fulton County (Lomanto, J.), entered September 21, 1989, which granted petitioner's application, in proceedings pursuant to Family Court Act article 6, for custody of Salvatore Fringo, and (2) from an order of said court, entered May 3, 1990, which denied respondent's motion to resettle the record on appeal.

This proceeding involves a dispute over custody of the parties' son, Salvatore, born on February 27, 1988. The parties never married and they separated shortly after the child was born. Petitioner and respondent met while they were both psychiatric inpatients at St. Mary's Hospital in the City of Amsterdam, Montgomery County. Apparently, petitioner had voluntarily checked himself into the hospital this one time chiefly because of severe depression, while respondent had voluntarily and involuntarily been in and out of psychiatric hospitals for 10 years for various problems. Although the couple originally started living together at a halfway house and eventually got their own apartment, discord developed after the birth of the baby and respondent moved out of the apartment with the baby. Respondent eventually got her own apartment and petitioner frequently visited his son there.

In August 1988 petitioner filed a petition for custody and respondent filed her own petition for custody the next day. Respondent was granted temporary custody until trial. Probation home studies and mental health evaluations were completed for each parent. Both parties testified at trial, as did petitioner's mother. Family Court ultimately granted custody to petitioner and respondent appeals this determination. Respondent also appeals the subsequent denial of her motion to resettle the record.

We affirm. It is well settled that custody determinations must be resolved based upon the best interest of the child, which turns on the facts of each case (*Matter of Furman v Furman,* 168 AD2d 702; *see, Eschbach v Eschbach,* 56 NY2d 167, 171). As in the majority of cases of this sort, Family Court was faced with the herculean task of choosing a primary caretaker between two parents who, while hardly per-

fect, both genuinely love and care for their child. Recognizing the inherent difficulty in these sensitive matters, appellate courts generally accord great deference to a trial court's factual findings since that court had the advantage of seeing the witnesses and assessing their credibility firsthand (see, *Eschbach v Eschbach, supra,* at 173; *Zaleski v Zaleski,* 128 AD2d 865, 866, *lv denied* 70 NY2d 603).

Applying these principles to the case at bar, we choose not to disturb Family Court's determination. In a candid and thoughtful decision, Family Court acknowledged the difficulties in determining a case such as this, where both parents have so much going both for and against them. In listing the various factors present here, the court took care to note that no one particular factor was determinative, but rather the best interest determination was a culmination of all the competing factors (see, *Matter of Eastman v Drennen,* 122 AD2d 397, 399).

Although clearly neither parent is free of psychological problems, Family Court noted that petitioner's episode of depression was a relatively isolated incident and "eminently treatable" in the view of one physician, where respondent's difficulties are, on the other hand, much more severe and disturbing. It appears respondent had a 10-year history of dysfunctional behavior, no steady employment, no real goals and a transient life style. One physician diagnosed her as an undifferentiated schizophrenic and the Law Guardian and several of the other health care professionals expressed real concern over the defensive way respondent failed to cooperate in releasing her prior medical records. Along with noting respondent's poor parenting and housekeeping skills, Family Court expressed concern over respondent's wish to isolate the child from the rest of society and take him away from known support systems in the Amsterdam area. Taking all of these factors into account, as well as petitioner's concrete plans for caring for the baby and arranging for his mother to babysit while he is at work, it appears that ample evidence was presented to support the choice of petitioner as primary caretaker in the child's best interest.

Respondent's remaining arguments have been examined and have been found to be without merit. Despite respondent's contentions otherwise, there is no evidence that Family Court improperly considered a letter sent following the close of proof by petitioner's attorney to the court concerning a neglect proceeding that had been instituted against respondent in Montgomery County. Since Family Court declined to reopen

the proof to accept the letter and the court's later written decision granting custody makes no mention of it, there is nothing to substantiate respondent's conclusory allegations that the court improperly took the letter into account in rendering its decision. Accordingly, we find no abuse of discretion in the court's denial of respondent's motion to resettle the record to include the letter. Additionally, we find no impropriety in Family Court's reference in its decision to a general psychological treatise. Courts frequently refer to general treatises on various topics *(see, e.g., Matter of Nicole V.,* 71 NY2d 112, 120) and respondent's citation to the case of *Kesseler v Kesseler* (10 NY2d 445) is inapposite. Finally, we disagree with respondent that Family Court's four-month delay in rendering a decision following the trial is sufficient grounds for a new trial *(see, Matter of Burke v White,* 126 AD2d 838, 840-841; *Thayer v Blando,* 40 AD2d 886).

Orders affirmed, without costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.