■ In the Matter of SHARON MCCAULIFFE, Appellant, v DORIS A. PEACE, Respondent. (And Another Related Proceeding.)— Weiss, J. Appeal from an order of the Family Court of Chemung County (Danaher Jr., J.), entered June 26, 1990, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Doris Marble.

Petitioner, the biological mother of Doris Marble (hereinafter Dorie), born October 10, 1982, sought custody of Dorie in her March 29, 1990 petition. Respondent has had actual physical custody of Dorie since the child was three months old, which was subsequently formalized in a February 24, 1984 order awarding her both legal and physical custody. On November 17, 1989 after a full hearing, Family Court denied petitioner's application for custody finding that Dorie called and treated respondent as her mother, that respondent's household presented a stable family life, and that the physical, emotional and educational needs of the child were adequately satisfied. Respondent's remarriage and standard of living were found to have improved her ability to provide for Dorie. The court also found that the changes in petitioner's circumstances since the 1984 order were insufficient to warrant a modification of custody and that petitioner presented only a limited history of visitation. Family Court did grant petitioner one half hour of unsupervised visitation weekly, which created some emotional disturbances in Dorie requiring reinstatement of supervised visits.

Four months after the denial of the first custody petition, the instant proceeding was commenced again seeking custody or, alternatively, unsupervised visitation.* After another full hearing Family Court found that petitioner's successful completion of therapy for her depression and the marriage to her longtime live-in boyfriend were insufficient changes of circumstances to warrant a change of custody. The court found respondent to be the child's "mother-in-fact" and concluded that it would be in the child's best interest to remain in her stable household. The court further found that the anxiety and emotional distress created by petitioner's visitation required that those rights be terminated. Petitioner has appealed from both the denial of the change of custody and the termination of her visitation rights.

Changes in established child custody should only be made upon a demonstration of a sufficient change of circumstances which show a real need to effect a change in order to insure the best interest and welfare of the child *(Dintruff v McGreevy,* 42 AD2d 809, *affd* 34 NY2d 887). In this case the child is in a stable household with the only "mother" she has ever known. The changes in circumstances which were shown relate to the successful completion of formal courses and counseling to overcome the severe past problems of petitioner and her husband, and to her change of attitude with a desire to now reenter the child's life in a significant manner. The primary concern in custody proceedings is the best interest of the child and requires a multifaceted inquiry into maintaining stability in the child's life, relative fitness of the parents, quality of home environment and competence of parental guidance *(Matter of Dinino v Deima,* 173 AD2d 1017). Evaluation of these sensitive factors is best made by the trial court which has had direct observation and access to the parties, the benefit of reports and testimony of professionals in the field, and the advantage of seeing the witnesses and weighing their credibility *(supra; Matter of Hansen v Post,* 167 AD2d 702, *lv denied* 77 NY2d 807; *see, Matter of Taber v Herlihy,* 174 AD2d 777). Family Court's determination in this case to continue custody in respondent is amply supported by the record and should not be disturbed.

However, the termination of petitioner's visitation rights has no such support. The denial of visitation to a noncustodial parent is a drastic remedy which may be ordered only in the

* Evelyn Hazzard, Dorie's maternal grandmother, also petitioned for custody and visitation. This petition was denied and has not been appealed.

presence of compelling reasons and substantial evidence that such visitations are detrimental to the child's welfare *(Vasile v Vasile,* 116 AD2d 1021; *Chirumbolo v Chirumbolo,* 75 AD2d 992). Dorie first exhibited distress just as she was to depart her home for the first unsupervised visit while petitioner was outside in her vehicle. It is possible that petitioner compounded the problem by suggesting that Dorie may be coming to live with her on a permanent basis. However, the testimony indicated that the anxiety appeared to decrease with second and third unsupervised visits and respondent testified that Dorie does not react adversely to the supervised visitations. While anxiety, several bedwettings and a number of nightmares are matters of legitimate concern, those occurrences during a one-month period long before the hearing are insufficient reasons to terminate a noncustodial parent's visitation rights, particularly where, as here, no professional assistance was sought for the child and supervised visitation provided no significant problems.

The supervised visitation arrangements should be reinstated and the matter remitted to Family Court to establish visitation guidelines including the degree of the supervision, naming of acceptable supervisors and whether specific nonfamily members may supervise; naming of acceptable visitation locations, including whether locations outside respondent's home are acceptable (i.e., playgrounds, malls, fast-food restaurants, walking areas, homes of others); and which, if any, individuals may be present during visitation.

Mahoney, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as terminated petitioner's visitation rights; supervised visitation reinstated and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.