■ In the Matter of VIRGINIA PERO, Appellant, v RALPH J. MUSOLINO, Respondent.—In a child custody proceeding pursuant to Family Court Act article 6, the petitioner mother appeals from (1) an order of the Family Court, Suffolk County (Freundlich, J.), dated August 8, 1990 which awarded the respondent father custody of the infant and provided her with visitation supervised by Virginia Cordero, and (2) an order of the same court, dated March 8, 1991, which modified the prior order by providing that visitation be supervised by a professional child care worker.

Ordered that the appeal from so much of the order dated August 8, 1990, as provided that visitation be supervised by Virginia Cordero is dismissed, without costs or disbursements, as that part of the order was superseded by the order dated March 8, 1991; and it is further,

Ordered that the order dated August 8, 1990, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated March 8, 1991, is affirmed, without costs or disbursements.

It is well established that the preeminent concern in child custody matters is the best interest of the child *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Inasmuch as neither parent has a prima facie right to custody *(see,* Domestic Relations Law § 70), the court must conduct a comprehensive hearing and carefully consider all applicable factors in determining the best interest of the child *(see, Eschbach v Eschbach, supra,* at 171-174). The court's determination, rendered after a full evidentiary hearing, is entitled to great weight on appeal and should not be set aside where it is in conformity with the evidence *(see, Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946). After a review of the hearing record, we agree with the hearing court that the best interests of the child will be served by awarding custody to the father. Furthermore, we reject the mother's contentions that the hearing court erred in requiring that her visitation with the child be supervised *(see, Matter of James P. W. v Eileen M. W.,* 136 AD2d 549) and that the hearing court erred in failing to appoint a law guardian *(see, Richard D. v Wendy P.,* 47 NY2d 943). Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.