■ In the Matter of PAMELA WILLIAMS, Appellant, v MARK WILLIAMS, Respondent.—Crew III, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered April 19, 1991, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties were married in 1977 and have two children, Rebbecca (born July 21, 1979) and Ryan (born April 12, 1981). The parties separated sometime after November 1981 and initially agreed that the children would reside with petitioner. In January 1983, the parties entered into a stipulation wherein it was agreed that the parties would have joint legal custody, with primary physical custody to petitioner and visitation to respondent. The parties were divorced in June 1983 and the stipulation was incorporated, but not merged, into the judgment of divorce. In the interim, the children returned to live with respondent due to problems that developed with petitioner's work schedule and have resided with respondent continuously since May 1983.

In January 1985, respondent married Suzanne Williams (hereinafter Williams) and thereafter commenced a proceeding seeking custody of the parties' children. The matter was settled by a stipulation executed in June 1987 wherein it was agreed that joint legal custody would continue, with primary physical custody to respondent and liberal visitation to petitioner. In September 1990, petitioner commenced this proceeding in Rensselaer County seeking custody of the parties' children; Family Court (Spain, J.) subsequently granted respondent's motion to transfer the proceeding to Columbia

County. Petitioner then moved for temporary custody pending an evidentiary hearing; this motion was apparently denied. A fact-finding hearing followed and testimony was received from various witnesses. Family Court also conducted an in camera interview with the children and received a written recommendation from the Law Guardian. Family Court ultimately denied petitioner's application, finding that the children's best interest would be served by continuing the current custody arrangement. This appeal by petitioner followed.

We affirm. It is beyond dispute that the primary consideration in any custody matter is the best interest of the child *(see, e.g., Matter of Pero v Musolino,* 178 AD2d 413, 414; *Matter of Dinino v Deima,* 173 AD2d 1017, 1018; *Matter of Fringo v Riccio,* 171 AD2d 963). To that end, "alteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" *(Matter of Van Hoesen v Van Hoesen,* 186 AD2d 903; *see, Cochran v Cochran,* 177 AD2d 818, 819; *Matter of McCauliffe v Peace,* 176 AD2d 382, 383; *Matter of Hohenforst v Hohenforst,* 169 AD2d 952, 953). Such a determination, in turn, involves inquiry into a number of factors, including the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development *(see, Matter of Van Hoesen v Van Hoesen, supra; Fox v Fox,* 177 AD2d 209, 210; *Matter of Gitchell v Gitchell,* 165 AD2d 890, 894). Family Court's factual findings in this regard are traditionally accorded great deference *(see, Matter of Fringo v Riccio, supra,* at 964; *Matter of Flynn-Stallmer v Stallmer,* 167 AD2d 575, 576, *lv dismissed* 77 NY2d 939) and will be set aside only where they lack a sound and substantial basis in the record *(see, e.g., Matter of Pero v Musolino, supra,* at 414).

Applying these principles to the record before us, we cannot say that Family Court's decision is unsupported by the evidence.[1] At the time of the fact-finding hearing, the children had resided with respondent, Williams and their daughter,

---

1. Although appellate review would have been enhanced by a more detailed discussion of the factors Family Court deemed significant in reaching its determination, it is clear that the court considered, *inter alia,* the expert testimony provided and the recommendation made by the Law Guardian; there is support in the record for the findings and credibility determinations made and the record as a whole provides an adequate basis

Mari-Beth, for approximately eight years. We recognize that a prior custody arrangement is not determinative; it is, however a weighty factor to consider *(see, Matter of Rozelle v Rozelle,* 184 AD2d 973, 975; *Finn v Finn,* 176 AD2d 1132, 1133) and should be altered only in the face of counteravailing circumstances *(see, Fox v Fox, supra,* at 210-211; *Matter of Taber v Herlihy,* 174 AD2d 777, 778). We perceive no such circumstances here. The record reveals that petitioner and respondent are loving and concerned parents and that both the parties and their respective partners are actively involved in various aspects of the children's lives. While it is apparent that Williams has assumed many of the day-to-day caretaking responsibilities, the record does not support petitioner's claim that respondent has abdicated his parental duties. It is also apparent that petitioner and Williams have different ideas regarding the manner in which the children should be disciplined and that the children prefer the method employed by their natural mother. (Petitioner traditionally sends the children to their rooms and later discusses with them what they did wrong, whereas Williams tends to yell at and occasionally spank the children.) This alone, however, does not provide an adequate basis for a change in custody. There is no proof in the record that the children have suffered any physical or emotional abuse while in respondent's and Williams' care.[2] In fact, the children are by all accounts bright, articulate individuals who are capable of expressing positive feelings for those involved in their upbringing. As for petitioner's claim that respondent does not encourage the children to maintain a relationship with her, both respondent and Williams testified to the contrary, thereby presenting a credibility issue that Family Court apparently resolved in respondent's favor *(see generally, Finn v Finn, supra,* at 1133).

With respect to the expert testimony offered on petitioner's behalf, we agree with Family Court's determination that such testimony is not persuasive. One of the experts candidly stated that she could not offer a recommendation as to custody because she had not interviewed respondent and Williams. The remaining expert did advocate transferring physical custody to petitioner, based upon his belief that she would provide the children with a "more nurturing and supportive environment", but also acknowledged in his written report to

for intelligent appellate review *(see, Matter of Hall v Keats,* 184 AD2d 825, 826).

**2.** Although petitioner did file a report with the Child Abuse Hotline, the report was determined to be unfounded.

Family Court that "there [did] not seem to be an overwhelming and compelling issue on which to base an opinion as to [a change in custody]". We also note that Family Court's decision is in accord with the Law Guardian's recommendation and, in our view, is supported by the record as a whole (see, *Matter of Whitney v Whitney,* 162 AD2d 810, 811).

Finally, we wish to emphasize that in reaching this result, petitioner's sexual preference has played no role in our deliberations. It is well settled that the sexual behavior or preference of a parent is relevant *only if* it is demonstrated to adversely affect the child's welfare (see, *Linda R. v Richard E.,* 162 AD2d 48, 52-54; *Anonymous v Anonymous,* 120 AD2d 983, 983-984, *appeal dismissed* 68 NY2d 808; *Guinan v Guinan,* 102 AD2d 963, 964). No such showing was made here. We have examined the remaining arguments advanced by petitioner and find them to be without merit.

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.