■ In the Matter of LAURIE MUZZI, Appellant, v MARK MUZZI, Respondent. (Proceeding No. 1.) In the Matter of MARK MUZZI, Respondent, v LAURIE MUZZI, Appellant. (Proceeding No. 2.)—Harvey, J. Appeal from that part of an order of the Family Court of Broome County (Ray, J.), entered December 19, 1991, which granted Mark Muzzi's application and denied Laurie Muzzi's application, in two proceedings pursuant to Family Court Act article 6, for custody of Justin Muzzi.

Laurie Muzzi (hereinafter petitioner) and Mark Muzzi (hereinafter respondent) were married in 1986 and have one child, Justin, born in July 1987. In 1990, the parties' marriage disintegrated amidst mutual accusations of infidelity and they separated. Petitioner remained in Binghamton with Justin while respondent moved to the Buffalo area. Following the commencement of a divorce action by respondent, petitioner retained physical custody and the parties entered into a stipulation mutually agreeing to visitation for respondent. Nevertheless, for disputed reasons, the visitation arrange-

ments did not proceed smoothly. Consequently, petitioner thereafter commenced proceeding No. 1 seeking sole custody of Justin. Respondent then commenced proceeding No. 2 seeking the same relief. A series of temporary orders concerning visitation were entered and various family offense petitions and/or violation petitions were then filed by both parties with respect to the temporary orders.

Subsequently, a fact-finding hearing was held. The sole witnesses at the hearing were the parties, the Law Guardian and respondent's fiancée. Petitioner was also engaged at the time but her fiancé was not called to testify. During the hearing, the Law Guardian concluded that although petitioner was not unfit, her alleged interference with respondent's visitation of Justin was harmful to the boy. As a result, the Law Guardian recommended that sole custody be awarded to respondent. Adopting the Law Guardian's recommendation, Family Court determined that the best interest of Justin was served by awarding sole custody to respondent, with liberal visitation for petitioner. This appeal by petitioner followed.

Upon careful review of the evidence before Family Court, we must conclude that while Family Court appropriately declined to award joint custody to the parties given their evident hostility toward each other, the court acted improvidently in transferring custody from petitioner to respondent. In our view, Family Court unduly relied on the Law Guardian's position that petitioner was solely responsible for any difficulties with visitation instead of focusing on what would be in Justin's best interest.

Unquestionably, the primary consideration in any custody matter is the best interest of the child *(see,* Domestic Relations Law § 70; *Matter of Rozelle v Rozelle,* 184 AD2d 973, 975; *Matter of McCauliffe v Peace,* 176 AD2d 382, 383) and a change in an established custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change in order to insure the child's best interest *(see, Matter of McCauliffe v Peace, supra).* While a prior custody arrangement is not dispositive, it is undisputably important *(see, Eschbach v Eschbach,* 56 NY2d 167, 171). When there is no indication that a change in custody will substantially enhance the child's welfare *(see, Matter of Gitchell v Gitchell,* 165 AD2d 890, 895) and the custodial parent is not shown to be unfit or less fit to continue as the proper custodian, the custody arrangement in place should not be disturbed *(see, Obey v Degling,* 37 NY2d 768, 770; *see also, Guinan v Guinan,* 102 AD2d 963, 964).

Here, there can be little dispute that the question of fitness is not a factor. Not only did both parties admit that there was basically nothing unfit about the other, Family Court only heard three witnesses testify and there was no showing that either party was more fit to parent than the other. Additionally, there was no showing that either party could not financially provide for Justin *(see, Matter of Gitchell v Gitchell, supra,* at 894). More significantly, however, there was no evidence whatsoever as to the effect that a change in custody from the parent who raised him from birth would have on Justin or how it would be in Justin's educational advantage to move him from Binghamton and the familial ties he had there to the Buffalo area *(see, supra).* Absent such evidence, it is generally considered in the child's best interest " 'not to disrupt his life' " *(supra,* at 895, quoting *Pawelski v Buchholtz,* 91 AD2d 1200, 1201).

Instead of focusing on these factors, Family Court appeared to rely on allegations by respondent that petitioner had interfered with respondent's visitation rights and petitioner's admissions as to her partial fault in this respect. While we can hardly condone the conduct petitioner is accused of, we also cannot credit the apparent conclusion of Family Court and the Law Guardian that petitioner was the sole party at fault given respondent's own admissions of damaging conduct. For instance, respondent admitted he vindictively threatened petitioner with removing Justin's name from his health insurance even though he concededly had no intention of doing so. He also told how he once decided to keep Justin in Buffalo a few days longer than his usual weekend visitation because respondent had a few extra days off. Although he knew about the upcoming days off well in advance, respondent admitted he did not tell petitioner of his plan to keep Justin beyond the scheduled visitation time until after petitioner became concerned about the boy's whereabouts. As these examples illustrate, neither party to this case was blameless *(see, Skolnick v Skolnick,* 142 AD2d 570, 571) and it was inappropriate for Family Court to favor one party's contentions so strongly.

Nevertheless, assuming, arguendo, that sufficient evidence was presented to support the conclusion that respondent's visitation interference is "wholly attributable to the intentional acts of the mother" *(supra,* at 571), it is our opinion that "the circumstances here are not so egregious as to warrant changing custody" *(Matter of Clary v Bond,* 186 AD2d 869, 871) especially because, although respondent's visitation was hindered at times, he was in fact undisputably able to

visit Justin fairly regularly *(see, supra)*. Accordingly, because the record fails to indicate how a custody change would enhance Justin's welfare, we find Family Court's decision erroneous and award sole custody of Justin to petitioner. The matter must be remitted to Family Court for a determination of a visitation schedule for respondent.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted Mark Muzzi's petition in proceeding No. 2 and denied Laurie Muzzi's petition in proceeding No. 1; petition denied in proceeding No. 2, petition granted in proceeding No. 1, custody of Justin Muzzi awarded to Laurie Muzzi and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.