(June 8, 1995)

■ In the Matter of DANIEL J. SULLIVAN, Respondent, v TAMMY R. SULLIVAN, Appellant. [627 NYS2d 829] —Mercure, J. Appeal from an order of the Supreme Court (Spain, J.), entered July 23, 1992 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Francesca Sullivan.

The parties' daughter, Francesca, was born in 1987. The parties were divorced in 1989. At that time, respondent was awarded primary physical custody of Francesca by the Superior Court of Connecticut. As a result of respondent's persistent interference with petitioner's access to Francesca, however, Rensselaer County Family Court twice modified the Connecticut order, prohibiting respondent from interfering with petitioner's telephone contact and visitation with Francesca and ordering that there be no communication between the parties at the time of transfer of custody. In May 1991, petitioner brought the current modification proceeding, seeking custody of Francesca upon the primary ground that respondent continued to violate the outstanding Family Court orders by interfering with petitioner's visitation with Francesca and, in fact, jeopardizing his very relationship with her. Following a fact-finding hearing, Supreme Court's in camera interview with Francesca and a detailed Law Guardian's report, Supreme Court rendered a decision finding that there had been a change in circumstances sufficient to modify the prior award of custody. Supreme Court accordingly granted the petition and awarded petitioner custody of Francesca. Respondent appeals.

We affirm. Recognizing that changes in an existing custody arrangement should take place "only upon a showing of a sufficient change in circumstances demonstrating a real need for a change in order to insure the child's best interest" (*Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1023), we are nonetheless satisfied that in this case a modification of custody was, under the totality of the circumstances, in Francesca's best interest (*see, Eschbach v Eschbach*, 56 NY2d 167, 172; *Matter of Kamholtz v Kovary*, 210 AD2d 813, 814; *Matter of McCauliffe v Peace*, 176

AD2d 382, 383). Although there is no question that respondent is a devoted parent to Francesca (perhaps obsessively so), the record establishes respondent's persistent violation of the court-ordered schedule of visitation and telephone contact and effort to limit petitioner's access to Francesca and to discourage her from developing a healthy relationship with him (*see, Matter of Belden v Keyser*, 206 AD2d 610; *Matter of Betancourt v Boughton*, 204 AD2d 804, 806-807; *Matter of Muzzi v Muzzi, supra*). Respondent has demonstrated an inability to refrain from involving Francesca in her personal conflict with petitioner (*see, Matter of Betancourt v Boughton, supra*, at 807) and has purposely infused in the child the belief that petitioner cannot be trusted and that he threatens to take her away and never return her to respondent. Furthermore, respondent's compulsive attachment to Francesca, her preoccupation with her own physical and emotional needs and the time and effort she devotes to her numerous counseling, treatment and support group sessions substantially undermines her capability as a parent. In contrast, petitioner has explored the availability of schools for Francesca, has a readily available caregiver, enjoys steady employment and evidences a stable living situation, which should contribute positively to Francesca's emotional development. In our view, petitioner has established himself to be a more fit parent than respondent (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89; *Matter of Belden v Keyser, supra*) and Supreme Court did not err, therefore, in reaching its determination.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.