**5**  In the Matter of TRACY V., Respondent, v DONALD W., Appellant. [632 NYS2d 697] —Crew III, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 22, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody and visitation.

The parties are the biological parents of three children, Tabitha and Sandra (both born in 1987) and Nicole (born in 1989). By order entered August 19, 1991, petitioner was granted primary physical custody of Nicole and respondent was granted primary physical custody of Tabitha and Sandra. A visitation schedule also was established, as were certain guidelines governing the parties' behavior with respect to each other and their children.

Thereafter, in September 1992, petitioner commenced the instant modification proceeding alleging, *inter alia,* that respondent sexually abused Tabitha and Sandra and violated certain terms and provisions contained in the prior custody order. At the conclusion of a lengthy hearing, at which the parties appeared and testified, Family Court found that respondent had sexually abused Tabitha and Sandra and demonstrated poor judgment with respect to their care. Finding that a substantial change in circumstances had occurred, Family Court granted the petition, awarding sole custody of the parties' children to petitioner with supervised visitation to respondent. Although Family Court further found that the allegations contained in the violation petition had been established, it declined to impose any sanction in connection therewith. This appeal by respondent followed.

It is beyond dispute that the primary consideration in any custody matter is the best interest of the child (*see, e.g., Matter of Betancourt v Boughton*, 204 AD2d 804, 806). To that end, alteration of an established custody arrangement should be ordered "only upon a showing of a sufficient change in circumstances demonstrating a real need for a change in order to insure the child's best interest" (*Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1023; *see, Matter of Sullivan v Sullivan*, 216 AD2d 627).

Although petitioner raised a number of issues regarding respondent's care of the children and compliance with the prior order of custody, the hearing primarily focused upon respondent's alleged sexual abuse of Tabitha and Sandra. In this regard, we note that while demonstrated sexual abuse of a child indeed constitutes a sufficient change in circumstances to warrant alteration of an existing custody arrangement (*see, Matter of Daniel R. v Noel R.*, 195 AD2d 704), where, as here, a modification proceeding is based upon such allegations, the corroboration requirements of Family Court Act § 1046 (a) (vi) are applicable (*see, supra*, at 707).

Both petitioner and her expert, Debra Simmons, testified as to certain disclosures made by the children, including a statement by Sandra that respondent had touched her "privates" while touching himself and using profanity. Sandra also indicated that respondent engaged in similar activity with Tabitha.* Although such statements, standing alone, are insufficient to support a finding of abuse, Family Court Act § 1046 (a) (vi) broadly provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration". To that end, it is well settled that "Family Court is vested with considerable discretion in the first instance to determine whether a child's statements have been sufficiently corroborated" (*Matter of Kelly F.*, 206 AD2d 227, 228; *see, Matter of Vincent I.*, 205 AD2d 878, 879) and, further, that proper validation testimony from an expert is sufficient to corroborate an abused child's statements (*see, Matter of Vincent I., supra*).

---

* In this regard, it is important to note that petitioner complains of a number of other incidents of inappropriate behavior on respondent's part, such as respondent appearing naked in front of the children, bathing with them and placing his face on their stomachs and looking down their pants. Such incidents, although certainly relevant to respondent's fitness as a parent, do not meet the statutory definition of sexual abuse (*see*, Penal Law § 130.65) and, as such, have not been considered.

Here Simmons testified, and the report she filed with Family Court reflects, that Tabitha and Sandra displayed certain behavioral indicators of sexual abuse, including age inappropriate knowledge of sexual activities, sexual acting out and overeating (see, Matter of Jessica G., 200 AD2d 906, 907). Based upon such indicators, Simmons opined that Tabitha and Sandra had been sexually abused by respondent. Although respondent notes that these allegations arose in the context of a contested custody matter, Simmons explored the possibility that the children had been "coached" or " 'programmed' " and found no indication of this (see, Matter of Brandon UU., 193 AD2d 835, 837). Thus, we cannot say that Family Court abused its discretion in determining that the children's allegations had been sufficiently corroborated.

As for respondent's assertion that the finding of abuse was not established by the requisite preponderance of the evidence, we cannot agree. It is true, as respondent asserts, that during the pendency of this proceeding numerous reports of sexual abuse were filed against him and that, following investigations, each report was determined to be unfounded. And, as aptly observed by Family Court, this is somewhat perplexing in that the reports were made during the same period the children made some of their disclosures to Simmons. Nevertheless, this conflicting testimony, coupled with respondent's denial of the allegations, merely presented a credibility determination for Family Court's resolution. Under these circumstances, we similarly are persuaded that Family Court's decision to award petitioner sole custody was in the children's best interest and is supported by the record as a whole (see, Matter of Muzzi v Muzzi, 189 AD2d 1022, 1023, supra).

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.