■ In the Matter of SCOTT P. QUICK, Respondent, v DEANA M. QUICK, Appellant. [641 NYS2d 473] —Mercure, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered February 17, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody and visitation.

The parties were married in July 1987. They have two daughters, Autumn, born in 1987, and Krystal, born in 1988. In September 1989 the parties separated, and respondent and the children moved to Delaware. Subsequently, the Delaware Family Court, Kent County, granted respondent permanent custody of the children subject to petitioner's right to visitation, which included an extended visitation period during the summer months. The children resided with respondent continuously from September 1989 until June 1993. The parties were divorced in August 1991.

Beginning in June 1993, when the children were with petitioner and his current spouse, Helen Quick, for visitation, the children were frequently seen engaging in sexual conduct with one another and with other children who came in contact with them. When questioned about these actions, the children told of instances where they had engaged in sex acts with neighborhood children in Delaware (involving, by the children's description, sexual intercourse and oral sex), as well as oral sexual contact with their dog. The children also stated that respondent was home when these incidents occurred and that, when they told respondent what was taking place, she beat them. As a result, they stopped telling respondent about such incidents. Finally, the children told petitioner of frequent incidents of beating, hitting with kitchen implements and other types of excessive corporal punishment inflicted upon them by respondent.

Based upon the foregoing, petitioner contacted child protective agencies in Tioga County and in Kent County, Delaware, and following an investigation filed this petition on August 23, 1993 for modification of the current order of the Delaware

Family Court. Family Court granted petitioner temporary sole physical custody of the children, respondent thereafter stipulated to Family Court's jurisdiction to determine custody, a Law Guardian was appointed and the matter proceeded to a fact-finding hearing conducted in December 1993 and January 1994. In February 1994, Family Court issued a detailed written decision, stating its findings and conclusion and awarding petitioner sole legal and physical custody of the children. Respondent appeals, contending only that Family Court erred in changing a long-standing custody arrangement without a showing of exceptional circumstances.

We are not persuaded by respondent's assertions of error and accordingly affirm. Fundamentally, "alteration of an established custody arrangement should be ordered 'only upon a showing of a sufficient change in circumstances demonstrating a real need for a change in order to insure the child[ren's] best interest' " (*Matter of Tracy V. v Donald W.*, 220 AD2d 888, 889, quoting *Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1023; *see, Matter of Sullivan v Sullivan*, 216 AD2d 627). We conclude, however, that such a showing was made in this case. Significantly, the uncontradicted evidence established that the children were either subjected to or permitted to witness explicit sexual activity on a number of occasions, that the subject incidents took place in the children's home in Delaware and that, as opined by petitioner's medical expert, the children "seem to have been significantly traumatized * * * [and] are going to have long term problems as a result". Sexual abuse of a child, as was demonstrated in this case, constitutes a sufficient change of circumstances to warrant alteration of an existing custody arrangement (*see, Matter of Tracy V. v Donald W., supra; Matter of Daniel R. v Noel R.*, 195 AD2d 704). Although there is no evidence that respondent was personally involved in the sexual abuse of the children, the record provides ample support for Family Court's finding that respondent's care has been inadequate to protect the children from dangerous influences and in dealing with the sexual abuse suffered by them. Finally, we perceive no basis for disturbing Family Court's conclusion that, based ultimately upon the best interest of the children, petitioner is a more fit custodial parent on a long-term or permanent basis (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89).

Respondent's remaining arguments have been considered and found similarly unavailing.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.