■ In the Matter of LINDA L. KARPENSKY, Appellant, v RICHARD J. KARPENSKY, Respondent. (And Four Other Related Proceedings.) [651 NYS2d 726] —Cardona, P. J. Appeal from an order of the Family Court of Broome County (Hester, J.), entered July 12, 1995, which, *inter alia*, dismissed petitioner's applications, in five proceedings pursuant to Family Court Act articles 6 and 8, for custody of the parties' children.

The parties, married in 1983 but since separated, have two children, a daughter (born in 1988) and a son (born in 1991). Following a custody trial held in 1992, respondent was awarded custody of both children. They reside with him in Broome County. Petitioner resides in Warren County.

In 1994, several petitions were filed by the parties in Broome County Family Court including three petitions by petitioner; the first was to modify custody, the second concerned a family offense, and the third was a visitation violation petition. The first two petitions alleged that respondent had sexually abused the children. Respondent also filed two petitions, one seeking supervised visitation for petitioner and another claiming a violation of a prior order directing visitation. A Law Guardian was appointed. Upon the filing of the family offense petition alleging sexual abuse, Family Court entered a temporary order of protection which directed joint custody and supervised visitation by respondent. The children resided with petitioner during the pendency of the proceedings from October 1994 through June 1995. A trial was held on three days in March, May and June 1995. On the first day of trial respondent was represented by counsel, while petitioner elected to proceed *pro se*. By the second trial date both parties were represented by counsel. Fol-

lowing the trial, Family Court determined that petitioner's claims were unsubstantiated and returned sole custody of the children to respondent. Petitioner appeals.

We first address petitioner's contention that Family Court erred by failing to apply the "totality of the circumstances" standard (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 96; *Matter of Schimler v Schimler*, 203 AD2d 580, 581) to determine her application to modify custody. In effect she argues that Family Court gave undue consideration to whether the allegations of sexual abuse against respondent had been proven. We disagree. Because the primary consideration in any custody matter is the best interest of the child, " 'alteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Williams v Williams*, 188 AD2d 906, 907, quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *see, Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779). Thus, in seeking to modify the parties' prior custody arrangement, petitioner was required to show a change in circumstances.

Here, petitioner relied solely on the sexual abuse allegations as the basis for her claim of a change in circumstances (*see, Matter of Alice A. v Joshua B., supra*, at 779). Because "[s]exual abuse of a child * * * constitutes a sufficient change of circumstances to warrant alteration of an existing custody arrangement" (*Matter of Quick v Quick*, 227 AD2d 666, 667; *Matter of Tracy V. v Donald W.*, 220 AD2d 888, 889), Family Court's focus on this pivotal issue was warranted. The record reveals, however, that before making its determination, the court also permitted inquiry into several other factors relevant to the children's best interests including the parties' home environments, the length of time the current custody arrangement had been observed, the parties' involvement in their daughter's intellectual development, as demonstrated by her performance in school both before and after the temporary change in custody (*see, Matter of Lizzio v Jackson*, 226 AD2d 760, 761; *Matter of Irwin v Neyland*, 213 AD2d 773, 774), and the relative abilities of the parties to participate in her psychological development (*see, Matter of Sellen v Wright*, 229 AD2d 680, 681) by arranging for an appropriate evaluation thereof, and for counseling, if needed.

The record supports Family Court's finding that the allegations of sexual abuse against respondent were unsubstantiated. In that regard, we note that both State Police Investigator

Charles Gould and Broome County Child Protective Services Caseworker Nancy Butts concluded, after their investigations (which included the administration of a State Police polygraph examination to respondent, which he passed), that although the parties' daughter was likely abused by someone at some point, there was no credible evidence to substantiate the allegations that it was respondent.* In addition, nowhere in the record do we find other evidence sufficiently corroborative of the daughter's out-of-court statements to petitioner that respondent abused her (*see, Matter of Tracy V. v Donald W.*, 220 AD2d 888, *supra; Matter of Alice A. v Joshua B., supra; Matter of Keala XX.*, 217 AD2d 745). The repetition of her allegations to other people after the commencement of the proceedings, including the school counselor, who was not a qualified validation expert (*see, Matter of Vincent I.*, 205 AD2d 878), did not constitute sufficient corroboration (*see, Matter of Nicole V.*, 71 NY2d 112, 123; *Matter of Keala XX., supra*, at 746). Accordingly, Family Court correctly determined that petitioner failed to demonstrate a change of circumstances warranting modification of the parties' prior custody arrangement in order to insure the children's continued best interests.

In light of the above determination, we find unpersuasive petitioner's claim that Family Court failed to make appropriate findings of fact in compliance with CPLR 4213 (b). Family Court's written decision of July 11, 1995, supplemented by its bench decision of June 29, 1995, is sufficient to state the "ultimate facts" (*Matter of Jose L. I.*, 46 NY2d 1024, 1025) upon which its custody determination was based.

In view of the young ages of the children at the time of the trial, we find no abuse of discretion in Family Court's failure to hold a *Lincoln* hearing (*see, Matter of Mitchell v Mitchell*, 209 AD2d 845, 847). We further find no merit to petitioner's claim that she was deprived of effective assistance of counsel. Viewed as a whole, the record shows that petitioner received "reasonably competent and thus meaningful representation" at trial (*Matter of Williams v MacDougall*, 226 AD2d 782, 783; *see, People v Baldi*, 54 NY2d 137, 146-147; *Matter of De Vivo v Burrell*, 101 AD2d 607, 608).

We have considered petitioner's remaining contentions and find that they lack merit.

Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* Alternatively, Gould opined that the daughter could have witnessed something.