■ In the Matter of Benjamin F. Daniels, Respondent, v Joanna Guntert, Appellant. [663 NYS2d 332] —White, J. Appeal from an order of the Family Court of Broome County (Farley, J.H.O.), entered September 13, 1996, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Following their divorce in 1987, the parties, pursuant to their separation agreement, had joint custody of their children, Celia, born in 1979, and Cynthia, born in 1985. This custodial arrangement was reflected in a Family Court order, entered March 17, 1994, which provided that petitioner would be the primary residential parent for Celia and respondent the primary residential parent for Cynthia. While Cynthia has resided continuously with respondent since the separation of the parties, Celia, after residing with petitioner for approximately one year, returned to respondent's residence with petitioner's consent. The aforementioned order also provided that each party would provide the other with prompt verbal notice if he or she had any knowledge of any serious illness, accident or emergency affecting the children. In January 1996, petitioner

filed a petition alleging that respondent failed to keep him informed of the children's ongoing medical treatment. He also filed a petition seeking a modification of the custodial arrangement, contending that respondent was neglecting the academic needs of the children. At the conclusion of an evidentiary hearing focusing on Cynthia, Family Court found that respondent had violated its order and further found that Cynthia's best interests required that sole custody be awarded to petitioner, which was in accord with the Law Guardian's recommendation. Respondent appeals.*

It is apparent from the record that respondent maintains a hostile attitude toward petitioner which precludes meaningful communication between the parties and explains her failure to apprise petitioner of the children's medical situations. Despite her parents' antagonistic relationship, Cynthia has been described by her teacher as a "very bubbly, happy child" who is a very intelligent student, demonstrating extraordinary skills in writing and reading. She made this assessment even though for a period of several months respondent had been removing Cynthia early from school on every other Friday. Fortunately, this exercise of poor judgment did not adversely affect Cynthia academically and now has been stopped by respondent. Even though Cynthia appears to be doing well, the Law Guardian opines that her intellectual and emotional development would be in jeopardy if she continued to reside with respondent and her older sister, who withdrew from high school. However, while we recognize the Law Guardian's genuine concern for Cynthia, there is no evidentiary support for her position. In fact, the record reveals that Cynthia has been properly supported and cared for while living with respondent and has expressed the desire to continue to live with her.

Our analysis of the record evidence leads us to conclude that it falls short of warranting a change in the established custodial arrangement, since the proof does not show that a change in custody would substantially enhance Cynthia's welfare or that respondent is unfit or less fit to continue as the proper custodian (see, Matter of Buhrmeister v McFarland, 235 AD2d 846; Matter of Manchester v Whitbeck, 220 AD2d 837; Matter of Muzzi v Muzzi, 189 AD2d 1022, 1023). Consequently, while we generally accord great deference to Family Court in custody matters, we shall reverse its custodial determination

---

* The arguments in respondent's brief relate solely to the custody issue. Consequently, her appeal with respect to her violation of Family Court's order is deemed abandoned (see, Richardson v Richardson, 186 AD2d 946, 947).

because it lacks a sound and substantial basis in the record (*see, Matter of Risman v Linke*, 235 AD2d 861, 862).

Respondent's violation of Family Court's order does not affect our determination as there is no evidence that her conduct interfered with petitioner's visitation rights or harmed his relationship with his children (*see, Matter of Irwin v Neyland*, 213 AD2d 773, 774; *Matter of Muzzi v Muzzi, supra*, at 1024, 1025).

Crew III, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the facts, by reversing so much thereof as granted the petition and awarded sole custody of Cynthia to petitioner; petition dismissed in this regard and it is directed that the parties shall have joint custody of Cynthia with respondent having physical custody and petitioner visitation rights as set forth in Family Court's order entered March 17, 1994; and, as so modified, affirmed.

