■ In the Matter of CHRISTINE JULIANO, Appellant, v JOHN G. POLLACK, Respondent. EUGENE P. GRIMMICK, as Law Guardian, Appellant. [681 NYS2d 159] —Graffeo, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered July 8, 1997, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent entered into a separation agreement in May 1991 which provided for joint legal custody of their son. Respondent retained primary physical custody and liberal visitation rights were granted to petitioner. The parties were subsequently divorced in August 1995. The child continued to reside with respondent until June 1996 when he decided to move to his mother's residence and he has generally remained with petitioner since that time. Petitioner commenced this proceeding in June 1997 seeking a modification in the custody agreement to award her primary physical custody of the child based upon alleged instances of mental abuse by respondent. At the conclusion of the fact-finding hearing in which the evidence was limited to allegations contained in the petition, Family Court declined to modify the existing joint custody agreement and ruled that physical custody "shall be as the parties mutually agree". Petitioner and the Law Guardian now appeal.

Initially, we reject the Law Guardian's and petitioner's contention that Family Court erred by limiting the evidence to matters raised in the petition. It is well settled that the best interest of the child is paramount when determining custody and the court should consider all relevant factors (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Farnham v Farnham*, 252 AD2d 675; *Matter of Brewer v Whitney*, 245 AD2d 842). When seeking a modification of an established custody

arrangement, however, a petitioner must demonstrate a sufficient change in circumstances necessitating an alteration (*see, Matter of Reese v Jones*, 249 AD2d 676; *Matter of Karpensky v Karpensky*, 235 AD2d 594; *Matter of Williams v Williams*, 188 AD2d 906). Here, because the petition was based solely upon alleged specific instances of mental abuse consisting of respondent's derogatory remarks directed at the child and petitioner's household, Family Court acted within its discretion to properly focus its inquiry on this issue (*see, Matter of Karpensky v Karpensky, supra; Matter of Risman v Linke*, 235 AD2d 861; *Matter of Alice A. v Joshua B.*, 232 AD2d 777).

Petitioner and the Law Guardian claim that Family Court's refusal to conduct an in camera interview of the parties' son constituted error. In contrast to the usual confidentiality concerns involving a child witness, here the child, who was 14 years old at the time of the proceeding, had submitted an affidavit describing his allegations regarding respondent's conduct. He had also changed his residence, and thus all parties were aware of his contentions and his desire to live with petitioner (*compare, Matter of Sellen v Wright*, 229 AD2d 680). Based on the nature of this case, we find that it was not an abuse of Family Court's discretion to allow the parties' son to testify in open court.

Addressing the merits of the petition, we find that the allegations of mental abuse against respondent were unsubstantiated and, therefore, the record fails to demonstrate a sufficient change in circumstances warranting a change in the custody agreement (*see, Matter of De Benedetto v De Benedetto*, 245 AD2d 834; *Matter of Karpensky v Karpensky, supra*). It is noteworthy that testimony revealed that the petition was initiated at the insistence of the parties' son. When asked by respondent's attorney why he wanted his mother to bring this proceeding, he responded that it was because his father was making inquiries at his school with respect to his academic performance and truancies. Although we certainly do not condone respondent's alleged inappropriate comments and his use of profanity in the presence of the child, we recognize that Family Court is in the best position to weigh the credibility of the witnesses and to observe their demeanor (*see, Matter of Morgan v Becker*, 245 AD2d 889; *Matter of Betancourt v Boughton*, 204 AD2d 804).

We, therefore, find no reason to disturb Family Court's determination that these remarks were insufficient to warrant a custody modification. The evidence revealed that the child had been properly cared for by respondent and there was no indica-

tion that the child had suffered any physical or emotional harm, or that respondent was unfit to retain his custodial rights (*see, Matter of Daniels v Guntert*, 243 AD2d 891; *Matter of Williams v Williams*, 188 AD2d 906, *supra*). Based on the foregoing, we conclude that a sound and substantial basis does not exist in the record to support a modification of custody and, therefore, the petition should be dismissed (*see, Matter of Daniels v Guntert, supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as modified the existing custody agreement; petition dismissed in its entirety; and, as so modified, affirmed.