■ In the Matter of RUSSELL B. and Others, Children Alleged to be Abused and Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondents; DAVID B. et al., Appellant, et al., Respondent. [683 NYS2d 625] —Crew III, J. Appeal from an amended order of the Family Court of Delaware County (Estes, J.), entered November 5, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate the children of respondent David B. to be abused and/or neglected children.

Insofar as is relevant to this appeal, respondent David B. (hereinafter respondent) is the biological father of three children, Russell (born in 1988), Kayla (born in 1992) and Brittany (born in 1996). On or about November 26, 1996, respondent was arrested and charged with engaging in a course of sexual conduct against a child in the first degree in violation of Penal Law § 130.75. The charges stemmed from allegations that respondent had compelled Russell to engage in oral sex with him. In conjunction therewith, petitioner commenced this proceeding in January 1997 alleging, *inter alia*, that respondent had sexually abused his son.* The matter proceeded to a

---

* Although the children's mother also was named as a respondent in the petition, the mother apparently reached a settlement with petitioner prior to the fact-finding hearing conducted in this matter, prompting Family Court to sever her case from this matter.

fact-finding hearing in June 1997, during the course of which proof of respondent's December 1996 plea of guilty to the crime of sexual abuse in the second degree was entered into evidence. Family Court thereafter adjudicated Russell to be a sexually abused child and made derivative findings of neglect with respect to Kayla and Brittany. Following a dispositional hearing, respondent was placed under petitioner's supervision for a period of one year. This appeal by respondent ensued.

Respondent, as so limited by his brief, contends only that the record as a whole does not establish by a preponderance of the evidence (*see, Matter of Ashley M.*, 235 AD2d 858) that he sexually abused Russell. We cannot agree. Both petitioner's caseworker and a social worker at Russell's school testified that Russell made detailed statements to them describing respondent's sexual abuse. Specifically, both testified that Russell verbally described acts of oral sex and demonstrated such sexual activity through the use of anatomically correct dolls. Although respondent is correct that such statements, standing alone, are not sufficient to support a finding of abuse, Family Court Act § 1046 (a) (vi) broadly provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration". In this regard, this Court repeatedly has acknowledged that Family Court is vested with broad discretion to determine, in the first instance, whether a particular child's statements have been sufficiently corroborated (*see, e.g., Matter of Tracy V. v Donald W.*, 220 AD2d 888, 889). Here, such corroboration may be found in the form of the certificate of disposition entered into evidence at the fact-finding hearing reflecting respondent's conviction upon his plea of guilty of the crime of sexual abuse in the second degree and the sentence imposed thereunder (*see, Matter of Kathleen OO.*, 232 AD2d 784, 785). Accordingly, Family Court's amended order is affirmed.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the amended order is affirmed, without costs.